[No. 10,478.—Department No. 2.]

## THE PEOPLE v. KENNEDY.

INSTRUCTION — BURGLARY — CRIMINAL LAW.— To arrive at the meaning of an instruction of the Court, all the instructions given upon the same point must be considered.

ID. — ID.— ID.— INTENT.— Upon the trial of an indictment for burglary, for entering a barn with intent to commit larceny, it was admitted by the defendant that he entered the barn to sleep, and on waking in the morning, saw some harness there, and stole it; and the Court instructed the jury that every sane person is presumed to intend the consequences of his own acts, and that an unlawful act is done with unlawful intent. It was objected to this instruction, that it in effect directed the jury that an unlawful intent in entering the barn was to be presumed from the unlawful act of stealing; but *held* by the Court, that in view of the other instruction, cited in the opinion, the jury could not have viewed the instruction as conveying this meaning, and could not have been misled by it.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the County Court of San Joaquin County. BUCKLEY, J.

*Ansel Smith*, for Appellant.

*Attorney-General*, for Respondent.

THORNTON, J. :

The defendant was indicted for burglary committed by entering a barn owned and occupied by one J. M. Blankenship, in the County of San Joaquin, with intent to commit larceny. The trial resulted in a conviction. The defendant moved for a new trial, which was denied. This appeal is prosecuted from the judgment of the Court, and the order denying a new trial.

It was admitted by the defendant that he entered the barn

above referred to, to sleep; that when he got up in the morning, he saw the harness there, and stole it. All the evidence tended to show that he slept there during the night in question. The case turned on the intent with which the defendant entered the barn—whether or not he entered with intent to steal.

The Court distinctly told the jury that in order to find the defendant guilty, they must find that he entered the barn with intent to steal. The Court further instructed the jury that they must, in determining this question, take into consideration all the evidence before them. As this intent had to be deduced from circumstances, the jury were directed as to the mode in which they were to consider circumstantial evidence, and as to the rules they must apply to such evidence, in deducing an intent therefrom. So far, there is no objection made to the directions given by the Court to the jury, and they are undoubtedly correct.

The Court further instructed the jury that every sane person is presumed to intend the consequences of his own acts, and that an unlawful act is done with an unlawful intent, and at the request of the defendant told the jury that "the mere entry into the barn or building of another is not in itself a crime."

It is contended that as the Court had in effect told the jury that the entry into the barn was not unlawful, by stating to them that it was not criminal, and had further directed them that the law presumed that an unlawful act was done with an unlawful intent; that inasmuch as the only unlawful act before the jury was that of stealing the harness, the direction of the Court was really that the law presumed from the unlawful act of stealing, the unlawful intent upon which they were to find, and that the jury might have inferred from this that the presumption of the law as stated by the Court was binding upon them, and that they were thus in effect told that upon this presumption they must find the intent to exist about which they were to inquire; that substantially the jury were told that they must find the entry with the intent to steal, from the *fact of stealing.* If this is a proper interpretation of the directions of the Court, it is error.

But to arrive at the meaning of such directions, we must look to all the directions given to the jury by the Court. The mean-

ing of the Court below cannot be fairly arrived at by a partial view of what the jury was told was the law by which they should be governed. All that was said to them in relation to the matter should be considered. Now it appears, upon such an examination as is above indicated, that the Court, besides telling the jury in its charge that they must find the intent upon a consideration of all the evidence, further instructed them, on the request of defendant's counsel, as follows :

"The fact that a person steals while in a building is not sufficient, without other circumstances proved, to cast on him the burden of proving himself not guilty of the crime of burglary."

"The intent must be proved the same as any other fact of the case must be proved, by positive evidence, or by the positive evidence of facts, from which the intent shall or can be inferred."

Again, in the instruction numbered IV, which was also given at the request of the defendant, the jury was directed that if the defendant entered the barn referred to, that did not make him guilty of burglary ; if he stole or attempted to steal while in it, that the entry and the actual or attempted theft together did not make him guilty of the crime of burglary, unless when he entered, he had in his mind the intent to commit burglary.

With these directions before us, we cannot conclude that the jury could have viewed the language of the Court as conveying the meaning for which counsel contends, nor do we think the jury were or could have been misled by the expression of the learned Judge referred to.

No other point is called to our attention. We find no error in the record, and, for the reasons above given, the judgment and order appealed from are affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.