[Crim. No. 667.   Department One.—December 18, 1900.]

THE PEOPLE, Respondent, v. J. A. WARREN, Jr., Appellant.

CRIMINAL LAW—GRAND LARCENY—INDICTMENT—DESCRIPTION OF STOLEN PROPERTY—CERTAINTY.—In an indictment for grand larceny, the description of the property stolen as "four calves, then and there the property of Anton Luchessa," is sufficient.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—BRANDING OF CALVES—ABSENCE OF DEFENDANT—PRESUMPTION UPON APPEAL.—Where the evidence adduced at the trial is not set forth in the record upon appeal, and an affidavit on motion for a new trial for newly discovered evidence sets forth the presence of the affiant at the marking and branding of calves by the father and brothers of defendant about a week before the date of the alleged larceny, and that the defendant was not then present, it cannot be presumed upon appeal, in favor of the materiality of the evidence, that the larceny was shown to have been committed at the time of such marking and branding.

ID.—INSUFFICIENT SHOWING FOR NEW TRIAL.—A motion for a new trial upon the ground of newly discovered evidence is looked upon with disfavor; and where it appears, in view of the affidavit and counter-affidavits, that there is not a sufficient showing of diligence or of the truth and materiality of the evidence to make a strong case in favor of the motion, it is properly denied.

ID.—POSSESSION OF STOLEN PROPERTY—MODIFICATION OF REQUESTED INSTRUCTION—POSSESSION BY CONSENT AND WILL OF ACCUSED.—An instruction requested by the defendant, upon the subject of the possession of stolen property as a circumstance tending to prove guilt, that "the possession must be personal and exclusive, and must be such as to preclude the inference that the stolen property was in the possession of any other person than the defendant," is properly modified by striking out all after the word "exclusive," and inserting in lieu thereof, "or it must be the possession of some person or persons by the consent and will of the accused, and in either case the possession must involve a distinct and conscious assertion of possession by the accused."

ID.—AIDING AND ABETTING CRIME—CURE OF ERRONEOUS INSTRUCTIONS.—An erroneous instruction to the effect that persons who have "aided or abetted" in the commission of a crime may be punished as principals is cured by correct instructions upon the subject of aiding and abetting in its commission and as to the burden of proof thereof, where the jury could not, in view of the instructions as a whole, have been misled into the belief that the defendant could be found guilty for an innocent aiding in the commission of the offense.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

Graves & Graves, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

COOPER, C.—The defendant was convicted of the crime of grand larceny, and has appealed from the judgment and from an order denying his motion for a new trial.

It is conceded that the evidence was sufficient to justify the verdict, but certain errors are urged which we will notice in the order presented in defendant's brief. It is claimed that the indictment does not state facts sufficient to constitute a public offense, for the reason that the personal property alleged to have been stolen is not described with sufficient certainty. The description is "four calves, then and there the personal property of Anton Luch'essa." This description is sufficiently certain. (*People v. Littlefield,* 5 Cal. 355; *People v. Stanford,* 64 Cal. 27; *State v. Stelly,* 48 La. Ann. 1480; *State v. Friend,* 47 Minn. 449.) Defendant made a motion for a new trial upon the ground of newly discovered evidence. In support of the motion he filed the affidavit of one Music, in which it was stated by Music that he was at the ranch of J. A. Warren, Sr., the father of defendant, two or three days before the seventeenth day of November, 1899, and that the father and two of his sons were marking and branding calves in the corral, and so marked and branded eight or ten calves; that defendant was not there and Music did not see him that day. The larceny is charged to have occurred on the twenty-second day of November, 1899. We do not see how the fact that Music did not see defendant at the corral two or three days before the 17th of November, 1899, could have affected the result. It is said the evidence of Music would have tended to prove an alibi. The evidence introduced at the trial is not in the record, and we cannot presume that the larceny was shown to have been committed at the time of marking the calves

spoken of by Music.  The affidavit of Music shows that George
Warren was present in the corral at the time of the mark-
ing spoken of by Music, as well as his brother William and
his father J. A. Warren, Sr.  It is not shown why the evidence,
if material, was not produced at the trial, as the affidavit shows
that at least four parties were present at the marking.  It was
further shown by counter-affidavits that Music was a witness
at the trial, and in substance testified to the same facts set forth
in his affidavit on motion for a new trial.  A motion for a
new trial upon the ground of newly discovered evidence is
looked upon with suspicion and disfavor, and a party who re-
lies upon such ground must make a strong case both in respect
to diligence on his part and as to the truth and materiality
of the evidence, and if he fails in either respect his motion
must be denied.  (*People v. Freeman,* 92 Cal. 359; *People v.
Rushing, ante,* p. 449.)  The showing made in this case was
not sufficient either as to diligence or as to the truth and
materiality of the evidence.

The defendant offered the following instruction: "The pos-
session of stolen property in a case of larceny is a circumstance
tending to prove guilt only where it appears that the defendant
acquired the possession by his own act or with his concurrence
or knowledge.  The possession must be personal and exclusive,
and must be such as to preclude the inference that the stolen
property was in the possession of any other person than the
defendant."

The court modified the instruction by leaving out the words
"and must be such as to preclude the inference that the stolen
property was in the possession of any other person than the
defendant," and in lieu thereof added: "Or it must be the pos-
session of some person or persons by the consent and will of
the accused, and in either case the possession must involve a
distinct and conscious assertion of possession by the accused."

The modification was proper.  It clearly appears therefrom
that if the property had been found in the possession of a
third party without the knowledge of defendant, and with no
assertion of possession on his part, such circumstance would
not tend to prove his guilt.  The jury were clearly told that
the possession of a third party must involve a distinct and
conscious assertion of possession by the defendant.  Of course,

the possession of a third party by the consent and will of defendant and for his benefit would be his possession. The court instructed the jury: "The court further instructs the jury that the distinction between an accessary before the fact and a principal in case of a felony is abrogated, and all persons concerned in the commission of a felony, whether they directly committed the act constituting the offense, or aided or abetted in its commission, though not present, shall be prosecuted, tried, and punished as principals."

This instruction was erroneous as held by this court in *People v. Dole*, 122 Cal. 492.[1] In that case, however, it was held that where other instructions were given, by which it clearly appeared "that merely aiding or assisting in the commission of a crime without guilty knowledge is not criminal," the instructions were to be read together and the error was cured. In this case the erroneous instruction was followed by the correct instruction: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission, or, not being present, have advised and encouraged its commission, are principals in any crime so committed."

And the court further instructed the jury that the burden was upon the prosecution to prove "that the calves were stolen by the defendant and by no other person; or that they were stolen by the defendant and another person or persons who had conspired together to commit the crime; or that they were stolen by some other person or persons, while the defendant aided and abetted such other person or persons in stealing them."

The jury could not, in view of these instructions as a whole, have believed that defendant could be found guilty for merely aiding innocently and without guilty knowledge or intent in the commission of the offense charged.

We advise that the judgment and order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.

---

[1] 68 Am. St. Rep. 50.