## SILVA *v.* SALAMANCA ET AL.

### APPEAL from the District Court of Guayama.

No. 233.—Decided June 12, 1908.

NATURAL CHILDREN—IMPEDIMENT OF DEFENDANT TO CONTRACT MARRIAGE—PRESUMPTION.—It having been proved that the predecessor of the defendants in an action to secure the recognition of natural children, was a single man, and that he was not otherwise related to the plaintiff, it is unnecessary to prove that there are no other obstacles because the presumption is that he continued to be a single man up to his death, and that there were no other obstacles in the way of contracting marriage.

ID.—EVIDENCE OF CAPACITY OF THE PLAINTIFF TO CONTRACT MARRIAGE.—It having been alleged in the complaint that there was no obstacle in the way of the father and mother to contract marriage, either at the time the natural children were conceived or at the time of the death of the alleged father of the natural children, because both were single and were not related to each other, and that allegation not having been expressly denied in the answer, and no evidence having been introduced to show the contrary, it is unnecessary to show the legal capacity of the plaintiff to contract marriage because there exists in favor of the children the legal presumption *juris tantum* of belonging to the class of natural children, and of the paternity having been proved in the absence of evidence to the contrary, it will be presumed that the parents at the time of conception or birth could have legally married without a dispensation.

NEW TRIAL—INSUFFICIENCY OF EVIDENCE—SPECIFICATION OF PARTICULARS.—A motion for a new trial based on the insufficiency of the evidence must specifically state the particulars of the evidence in which the insufficiency consists, and in case of failure so to do, the motion must be overruled.

NEWLY DISCOVERED EVIDENCE—DILIGENCE—MATERIAL AND NOT CUMULATIVE—ABUSE OF DISCRETION.—A motion for a new trial based on newly discovered evidence must allege and show that the mover could not with due diligence

. . have discovered such evidence, that the evidence is...material and not cumu-
lative, and that it will have a tendency to change the result of the case is
opened for the introduction of evidence. The courts look with suspicion at
such motions, and if the mover would prevail in the appellate court, he must
show that the court below did not exercise a sound discretion.

Id.—Contradictory Affidavits.—Where there are contradictory affidavits, the
trial judge is in the best position to determine the truth thereof and reconcile
the conflict.

The facts are stated in the opinion.

*Mr. Celestino Dominguez* for appellant.

The respondent did not appear.

Mr. Justice Wolf delivered the opinion of the court.

This was a suit brought in the District Court of Guayama
by Isabel Silva as a legal representative of her minor chil-
dren named in the petition against Jaime Salamanca and
other unknown relatives for the purpose of having said
minors declared to be the acknowledged natural children of
Don Miguel Alemany y Ripoll, deceased, to bear the name of
the latter, and to receive the portion of the inheritance as
such acknowledged natural children.

After various preliminary pleadings and motions the trial
took place on the 20th of June, 1907. Proof was presented by
both sides and on June 29, 1907, the court decided in favor
of all the prayers of the petitioner, the appellee in this court,
and ordering that the judgment be filed in the civil register.

An appeal was taken from the judgment but not prose-
cuted in this record. The present appeal is taken from the
order of the court of the 7th of September, 1907, denying the
motion for a new trial made on the 19th of August, 1907.

Two grounds of a new trial were assigned in the motion,
namely, that the judgment was not supported by the evidence
and that after the trial defendant had discovered new evi-
dence which was so important that it could change the deci-
sion previously made, and alleging besides that the proof
offered was new and material and not cumulative and not
offered to impeach the testimony of the witnesses at the trial.

The complaint set up that Don Miguel Alemany y Ripoll died in Guayama on October 6, 1907, a bachelor and of age; that he lived in concubinage with Isabel Silva up and to the date of his death having had in this union four children, three of whom were baptized in the "parrochial" church of Guayama as the natural children of the complainant; that Isabel Silva and the said minor children lived under the care and protection of said decedent, the latter sustaining and supporting them as a true father of a family and treating them in public and in society as his children; other facts were recited in the complaint tending to show acknowledgment of said children on the part of said Alemany; that at the time of the conception of such children as well as of the death of said Alemany no impediment existed between him and the said complainant to prevent the couple from marrying, as they were each single, and not related, and no other cause existed to prevent marriage.

The motion for a new trial in so far as it sought to attack the judgment on the ground of the insufficiency of the evidence is supported by a statement of the case. There is, however, no specification in such statement of 'the particulars in which such evidence is alleged to be insufficient, such specification being required by paragraph three of section 223 of the Code of Civil Procedure. It is true that at the end of the said statement there are several so-called particulars mentioned but they are set forth in such general terms as to be a mere restatement of the ground of the motion, namely, that the evidence is insufficient to support the judgment. That the particulars were capable of ready specification is shown in the brief of the appellant himself, when he alleges: First, that the only proof of the capacity of the decedent to marry was given by Jaime Salamanca, who testified that the decedent was a bachelor, without such proof showing the non-existence of other obstacles; and second, that there was no

proof whatsoever of the capacity of the complainant to contract a marriage. Section 223 says that a motion for a new trial which fails to specify particulars should be disregarded, but it is nevertheless evident that, if properly made the objections would not avail the appellant. Jaime Salamanca testified that he lived in Guayama; that he know Don Miguel Alemany y Ripoll, a bachelor, a brother on the side of deponent's mother dying on October 6, 1907, and that no degree of relationship existed between his brother and Isabel Silva. Thus the presumption arises that the decedent was and continued to be single to the time of his death and that there was no other obstacle to his marriage.

With respect to Isabel Silva the objection is met by the principle announced in the decision rendered by this court in the case of *Lange,* v. *Avilés,* 2 Set. del Tribunal Supremo, which says on page 611:

"Considering, with respect to the violation alleged of the articles 325 and 327 of the Civil Code, that even if the complainant did not take care to demonstrate her civil status and that of Don Ulises Lange in the manner required by such articles to justify that they were in the legal condition to contract marriage at the date of the conception of their children, Antonio and Luis Paulino, this circumstance can have no influence to destroy the justness of the sentence appealed from in declaring the said minor children natural children of Don Ulises Lange inasmuch as in the complaint the question of the legal capacity of the complainant and of Don Ulises to contract marriage at the date mentioned, having been raised and such circumstances not having been expressly attacked in the answer of the defendant succession nor any proof offered to the contrary, there exist in favor of said minors the legal presumption *juris tantum* of belonging to the class of natural children even without demonstrating the civil status in the form which the foregoing articles of the Civil Code require, and this in conformity with the jurisprudence announced by the Supreme Court of Spain, in the judgments of the 12th of November, 1858, and 11th of October, 1882, according to which that his parentage having been proved by the one who desires to be recognized as a natural child, as happens in the present case, it is not necessary to prove that his parents at the mo-

ment of conception or of birth could legally marry without dispensation because this matter is presumed until the contrary appears."

Therefore the court below was fully justified in giving no heed to the motion for new trial on this ground.

The motion for a new trial on the grounds of newly discovered evidence was supported by several affidavits tending to show that the complainant had had sexual relations with others than the defendant at the time of the birth and conception of said minor children. There were counter affidavits, and especially one of the complainant, which tends to disprove these facts. It does not affirmatively appear that the respondent below exercised due diligence in obtaining knowledge of these facts. The witnesses had all been employed by the decedent and it seems to us that the testimony might have been readily obtained, if sought for, especially when the issue in the case was the question of the parentage of such children. When the ground of the motion is newly discovered evidence, courts look with suspicion at such motion and the mover, if he would prevail in an appellate tribunal, must show not only that the court below did not exercise a sound discretion but also that the party complainant could not, with due diligence, have discovered such proof; that the evidence is material and not cumulative and that it will have a tendency to change the result if the case is opened for proof. (See *People* v. *McCardy,* 68 Cal., 576; *Harralson* v. *Barret,* 99 Cal., 607; *Baker* v. *Joseph,* 16 Cal., 173; *Von Glahn* v. *Brennan,* 81 Cal., 261; *People* v. *Warren,* 130 Cal., 683; *People* v. *Rushing,* 130 Cal., 449; *Oberlander* v. *Fixen & Co.,* 129 Cal., 690.)

The appellant has not shown the element of diligence necessary, nor that the alleged new evidence would tend to change the result of the trial as required by some of the cases cited.

In the case at bar, however, there were contradictory affidavits and the judge below was in the best position to judge the truth of them and decide the conflict. If there had been no contradicting affidavits and he still believed that the evi-

dence offered would not change the result he was fully jus-
tified in overruling the motion for a new trial.

The order appealed from must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras
and MacLeary concurred.