[Crim. No. 59. First Appellate District.—October 19, 1908.]

THE PEOPLE, Respondent, v. CARL PRICE, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—SHOOTING AT CONSTABLE—PEACEABLE ATTEMPT TO ARREST WITHOUT WARRANT.—If it be conceded that a constable who attempted to arrest the defendant in a peaceable manner, and informed him that he was a constable and showed him his badge of authority, without any violent assault or attempt to injure him, had no warrant or legal authority to make the arrest, that fact would not in any way excuse the defendant from shooting at and wounding the constable.

ID.—REFUSAL OF INSTRUCTION—RIGHT TO RESIST UNLAWFUL ARREST.—In view of the facts in evidence, the court properly refused a requested instruction as to the law pertaining to an officer making an arrest without warrant, and as to the right of the defendant to resist an unlawful arrest.

ID.—RIGHT OF ARREST—EXHIBITING DEADLY WEAPON UNLAWFULLY—USE OF DISJUNCTIVE WORD IN INSTRUCTION—JURY NOT MISLED.—An instruction as to the right of the constable to make an arrest, if the jury find that, at the time, in the streets of the town, in the presence of the constable and of two or more persons, defendant drew and exhibited a deadly weapon "in a rude *or* angry and threatening manner," not drawn or exhibited in self-defense, the use of the disjunctive "or" instead of the form used in the statute, "in a rude, angry and threatening manner," will not be presumed to have misled the jury, or to have injured the defendant, under the circumstances of the case.

ID.—REQUESTED INSTRUCTION AS TO ELEMENTS OF CRIME—"CRIMINAL NEGLIGENCE" OMITTED.—An instruction requested by the defendant "that in every crime or public offense there must exist a union or joint operation of act and intent," omitting the element of "criminal negligence" contained in the statute, was properly refused.

ID.—REQUEST AS TO "ACCIDENTAL INJURY" NOT JUSTIFIED.—*Held,* that a requested instruction as to "accidental injury" to the constable was not justified by the testimony of defendant himself, who admitted that he willfully fired the first shot, which did not hit the constable; that he did not think anyone had hold of his hand when the second shot was fired; that he had the pistol in his hand when the officer attempted to make the arrest peaceably, and that when the officer was wounded the defendant ran away.

ID.—IMMATERIAL EVIDENCE—WEIGHT OF DEFENDANT'S WITNESS—COLLATERAL MATTER.—The court did not err in refusing to allow immaterial evidence for the defendant as to the weight of his own witness in connection with a trouble between such witness and the defendant which was collateral and not material to the main issue.

ID—MATTER FOR JURY.—If it were deemed material, the jury could judge of the weight of the witness from their own observation without such evidence.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

A. H. Jarman, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

COOPER, P. J.—The information in this case charges the defendant with the crime of assault with a deadly weapon, with malice aforethought, and with intent to kill one Toomey. The jury returned a verdict finding the defendant guilty of the lesser offense of assault with a deadly weapon.   He was thereupon sentenced to pay a fine of $700, or in default of payment that he be imprisoned in the county jail in the proportion of one day's imprisonment for every $2 of such fine. His motion for a new trial was denied, and this appeal is from the judgment and order.

We have examined the evidence, and it is not deemed necessary to discuss it, but only to say that we find it sufficient to sustain the verdict of the jury.

There was no error in the court's refusal to give the defendant's requested instruction as to the law pertaining to an officer making an arrest without a warrant, and as to the right of the defendant to resist an unlawful arrest. If it be conceded that Toomey, the constable, had no warrant or legal authority for making the arrest, such fact would not in any way excuse the defendant for shooting at and wounding the said constable. It is sufficient to say that the constable approached the defendant in a peaceable manner, informed him that he was a constable and that he was performing his official duty, and at the same time showed his badge of office. He did not assault defendant in a violent manner, or attempt in any way to injure him. There was no excuse for defendant drawing his pistol and discharging it twice, one of the shots wounding the constable. In fact, it would be a pernicious doctrine to hold that an officer, known to be such, while attempting to make an arrest, could be shot down, and the defendant or person who did the shooting allowed to go free because it might, upon due investigation, be discovered that the officer did not in fact have proper authority for making the arrest.

It is claimed that the court erred in instructing the jury as follows: "If you should therefore find that the defendant, on the streets of the town of Santa Clara, on February 28, 1905, in the presence of constable Toomey, and, of course, in the presence of two or more persons, did draw a deadly weapon as defined by the court, or exhibit a deadly weapon in a rude or angry and threatening manner, and that such deadly weapon was not drawn or so exhibited in self-defense, the court instructs you that officer Toomey had a right and authority, and it was his duty, to arrest the defendant." It is claimed that the instruction is vicious, and that its vice consists in the fact that the word "or" was used instead of "and," and as the statute uses the words "rude, angry and threatening manner" the instruction should have followed the language of the statute. As we have before stated, the facts of this case show the defendant to have been a wrongdoer without regard to the question as to the right of the officer to make the arrest. If, as contended, the deadly weapon could

have been exhibited in a "rude" manner without the manner being "angry and threatening," it is not of sufficient importance to have misled the jury or to have injured the defendant. It will not be presumed that the jury were led astray by the use of the word "or" instead of the word "and" under the circumstances of this case.

The court refused the following instruction asked by the defendant: "I further instruct you that in every crime or public offense there must exist a union or joint operation of act and intent. If, therefore, you find from the evidence that the shot fired which injured Toomey was the result of the sudden clutching or grabbing of the defendant's right arm or hand, and that said shot was not intended by the defendant to injure said Toomey, and said injury was purely accidental and due to the sudden interference with the defendant at the time said shot was fired, then I instruct you that in law there was no operation of intent with the act, and no crime or public offense was committed, and your verdict should be for the defendant and he should be acquitted." It is the better practice for the trial court to give a requested instruction if it correctly states the law, and can logically be held to apply to the facts of the particular case in which it is asked; but it will not be held that the refusal to give such instruction is error if there is a reason which will justify such refusal. The above instruction may well have been refused for the reason that it states that "in every crime there must exist a union of joint operation of act and intent." It leaves out the element of "criminal negligence" which the statute contains. (Pen. Code, sec. 20.) The jury might well have inferred from the evidence in this case that even if defendant did not intend to shoot at Toomey or fire the shot that hit him, that it was criminal negligence to draw the pistol and fire it once in the ground to frighten Toomey, and then to hold it in his hand in such position that it might be discharged in the scuffle which ensued. Not only this, but the testimony of the defendant himself, when analyzed, would not have justified the instruction. He admitted that he willfully fired the first shot which did not hit Toomey; that he did not think anyone had hold of his hand when the second shot was fired; that he did not know whether his finger was on the trigger or not, and that he had the pistol in his hand. After the second shot was fired and the constable was wounded, the defendant ran. De-

fendant, after having admitted that he fired the first shot at an officer of the law; that he had a pistol in his hand when the second shot was fired from such pistol; that no one had hold of his hand; that he then ran away, and this all in the face of the fact that Toomey had not drawn any weapon or attempted any violence upon his person, is not in a position to urge with any great plausibility that he did not intend to fire the second shot, but that it was purely accidental.

It was not error to sustain the objection of the district attorney to the question asked by defendant's counsel of his own witness Perry as to the weight of Perry. The witness was before the jury, and the jury could use their senses as to his weight if that could by any mode of reasoning have been material; but in our opinion it was not material. There was no controversy as to who was the aggressor as between Perry and the defendant. Perry had, a short time before the shooting of Toomey, struck the defendant on the head with a bottle during a row in front of the Model saloon in the town of Santa Clara. The injury to defendant's head appears to have been slight, bleeding but little; and the weight of Perry could have thrown but little light upon a matter which was not the main issue in the case.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 17, 1908.