[Crim. No. 216.   First Appellate District.—March 3, 1910.]

THE PEOPLE, Respondent, v. G. FREDONI, Appellant.

CRIMINAL LAW—ROBBERY—AIDING AND ABETTING CRIME—ALTERNATIVE INSTRUCTION—DEFECT CURED.—Where defendant, charged with the crime of robbery, was convicted upon proof of aiding and abetting the crime, an instruction in the alternative to the effect that "all persons concerned in the commission of a crime, whether they directly commit the act, or aid or abet in its commission, or, not being present, advise and encourage its commission, are principals in any crime so committed," is cured in its defect by other instructions clearly showing that the jury were instructed and understood that unless defendant criminally aided in the commission of the offense they could not find him guilty.

ID.—INNOCENT AID IN CRIME—ABSENCE OF EVIDENCE—JURY NOT MISLED.—Although one who innocently aids in the commission of a crime cannot be guilty, yet, when there was no evidence tend-

ing to show that the defendant innocently aided in the crime, the jury could not have misapplied the instruction in the alternative.

ID.—EVIDENCE—SUBSEQUENT ROBBERY—ABSENCE OF OBJECTION.—Evidence of a subsequent robbery cannot be considered where the record shows that no objection was made to the evidence.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

Henry Brickley, and W. D. Foote, for Appellant.

U. S. Webb, Attorney General, for Respondent.

COOPER, P. J.—The defendant was found guilty of the crime of robbery, and sentenced to a term of six years in the state prison at Folsom. He prosecutes this appeal from the judgment and the order denying his motion for a new trial.

The first claim made is that the court erred in instructing the jury that "All persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid or abet in its commission, or, not being present, advise and encourage its commission, are principals in any crime so committed." This instruction was again substantially repeated in a different form; and it is said that the instruction was erroneous and injurious to the defendant, for the reason that section 31 of the Penal Code makes those persons guilty of a crime who "aid *and* abet in its commission."

A person who innocently aids in the commission of a crime would not be guilty; and if the instruction given was the only one upon the question, and if the evidence showed that the aid given by defendant might reasonably have been consistent with his innocence, the objection would be serious; but upon an examination of the record we find that the court elsewhere instructed the jury that in order to find the defendant guilty the evidence should show "beyond all reasonable doubt and to a moral certainty that the defendant was unlawfully concerned in the commission of the crime as

charged in the information''; and again, that if the jury find beyond all reasonable doubt that the crime as charged in the information was committed, and ''that the defendant was unlawfully concerned in its commission, and that he, the said defendant, acted together with some other person or persons in the commission of said crime, each unlawfully aiding and abetting in its commission in his own way, then I instruct you that it is all the law requires to make the defendant guilty of the crime charged.'' The court further charged the jury that unless they believed beyond all reasonable doubt that a crime had been committed as charged in the information, and ''that the defendant was unlawfully concerned in its commission, and that he, the said defendant, acted together with some other person or persons in the commission of said crime, each unlawfully aiding and abetting in its commission in his own way, then I instruct you that it is all that the law requires to make the defendant guilty of the crime charged.''

It therefore appears clear that the jury were instructed and understood that unless the defendant criminally aided in the commission of the offense, they could not find him guilty. This cured the defect in the instruction complained of. (*People* v. *Dole,* 122 Cal. 486, [68 Am. St. Rep. 50, 55 Pac. 581]; *People* v. *Warren,* 130 Cal. 683, [63 Pac. 83]. See, also, *People* v. *Price,* 9 Cal. App. 218, [98 Pac. 547], where it was held that the use of the disjunctive ''or'' instead of the word ''and'' could not have misled the jury, and was not injurious to the defendant.)

Not only this, but there was no evidence even tending to show that the defendant innocently aided in the crime, and therefore the jury could not have misapplied the instruction. (*People* v. *Morine,* 138 Cal. 626, [72 Pac. 166].)

The next contention is that the court erred in admitting ''over the objection of defendant'' evidence tending to prove a subsequent and distinct robbery. It is sufficient to say that we have examined the record, and find that no objection was made to the evidence. Therefore we decline to discuss the merits of the contention.

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.