[Crim. No. 285.   First Appellate District.—November 30, 1910.]

THE PEOPLE, Respondent, v. GEORGE KOSTA, Appellant.

CRIMINAL LAW—ARSON—JOINT INDICTMENT—DISMISSAL OF TWO DEFENDANTS FOR WANT OF EVIDENCE—CORROBORATION OF ACCOMPLICES. Where the defendant appealing and four other persons were jointly indicted for arson, and the indictment was dismissed as to two defendants for want of evidence to connect them with the crime, the state by such dismissal does not admit that they were accomplices, and where the two remaining accomplices testified to the commission of the crime by the appellant, the dismissed defendants, who were amply shown to have had no connection with the crime, were qualified to give independent testimony tending to connect the appellant with the commission of the crime, in corroboration of the testimony of the accomplices.

ID.—INSTRUCTION AS TO "ACCOMPLICE"—DISJUNCTIVE TERMS.—The court properly instructed the jury that "an accomplice is one who willfully and knowingly aids, encourages or assists another in the commission of crime." Each of the disjunctive terms is qualified by the words "willfully and knowingly," and the court committed no error in the form of the instruction.

ID.—APPELLANT NOT PREJUDICED BY FORM OF INSTRUCTION AS TO AC-
COMPLICE.—The appellant not having been prosecuted as an accom-
plice, but as the one who directly committed the crime of arson, could
not be prejudiced by the form of the instruction as to an accomplice,
which, if faulty at all, could only be to the detriment of the people.

ID.—ARGUMENT OF DISTRICT ATTORNEY—ABSENCE OF MISCONDUCT.—It
is held that the district attorney, in his argument, was guilty of no
misconduct that invaded the right of the appellant to a fair trial;
that he made no statement of fact in his address which was not
fairly deducible from evidence in the record. Counsel have the right
to present to the jury their view of the proper deductions or infer-
ences which the facts warrant. Any fault in the reasoning of coun-
sel is matter for the jury to determine, and is not a subject for
exception on the part of opposing counsel.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial. Geo. H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Geo. B. Keane, and J. K. Ross, for Appellant.

U. S. Webb, Attorney General, C. M. Fickert, District At-
torney, and James F. Brennan, Assistant District Attorney,
for Respondent.

HALL, J.—Defendant, together with four other persons,
was charged by information with the crime of arson. Upon
his trial, defendant Kosta was found guilty, and in due time
appealed to this court from the judgment and order denying
his motion for a new trial.

At the trial of defendant the four persons jointly charged
with him were witnesses for the prosecution. Two of these
witnesses were undoubtedly accomplices of defendant, and
gave ample evidence to justify the conviction of defendant,
provided it was sufficiently corroborated by other evidence, as
required by section 1111 of the Penal Code.

The charge as to the other two defendants, Giannetos and
Cochomihos, was dismissed by the court, upon motion of the
district attorney, upon the ground that the evidence against
them was insufficient to justify a trial, and they gave evidence
for the prosecution.

The evidence which they gave, in itself, and without the aid of the testimony of the other two defendants, tends to connect appellant with the commission of the offense.

It is now contended that because these witnesses have been jointly charged with defendant, they must be conclusively presumed to be accomplices of appellant, as against the state, at every stage of the case, whether so in fact or not. The only case cited in support of this contention is *Commonwealth* v. *Desmond,* 5 Gray (Mass.), 80, and it does not support the contention. It only decides that where the defendant argues that a given witness is an accomplice of the defendant, and the district attorney in his reply assumes and claims that such witness is such accomplice, and that his testimony was so corroborated as to make it the duty of the jury to convict the defendant, it was error for the court to leave it to the jury to find whether or not the witness was an accomplice. In the case cited the district attorney in open court, in his argument to the jury, admitted the witness to be an accomplice, and the court said that "the admission of the fact in court by the district attorney, for the purposes of the trial, was, as against the government, conclusive evidence of such fact."

No such condition exists in the case at bar. The finding of an information against several defendants, and the subsequent dismissal of such information as against one of the defendants for want of evidence, is certainly not an admission, for the purposes of the trial of the remaining defendants, that the defendant dismissed was an accomplice. Such a proceeding bears no analogy to what occurred in the Desmond case. The district attorney did not admit that either Giannetos or Cochomihos was an accomplice of appellant, and the evidence does not compel the conclusion that either of them was in fact such accomplice. It is not contended that it does. On the contrary, the evidence is ample that neither of these two witnesses had any criminal or guilty connection with the appellant or the offense of which he was found guilty, and about which they gave evidence.

Their evidence, therefore, was sufficient corroboration of the evidence of the admitted accomplices, and the verdict is sufficiently supported by the evidence.

It is claimed that the court erred to the prejudice of appellant in instructing the jury as to what constitutes an accom-

plice. The court, in explaining what is an accomplice, said: "An accomplice to a crime is one who willfully and knowingly aids, encourages or assists another in the commission of a crime." The objection made to the instruction is that in the sentence above quoted and in other parts of the instruction the court connected the words aids, encourages and assists by the disjunctive "or." But the court qualified the words by the words "willfully and knowingly," and thus committed no error under the very cases cited by appellant. (*People* v. *Dole,* 122 Cal. 486, [68 Am. St. Rep. 50, 55 Pac. 581] ; *People* v. *Warren,* 130 Cal. 683, [63 Pac. 86] ; *People* v. *Morine,* 138 Cal. 626, [72 Pac. 166].)

Furthermore, this appellant was not prosecuted as an accomplice, but as the one who actually with his own hands set fire to the building, and such was the case proved. The instruction complained of was given in connection with the charge concerning the necessity for corroboration of the evidence of accomplices. If it was faulty in the respects complained of, it bore too hard upon the witnesses for the prosecution, and was for the advantage of the appellant and to the disadvantage of the people. Appellant could not have been prejudiced by the fault claimed to exist in the instruction.

Complaint is made that the district attorney was guilty of such misconduct as to entitle appellant to a new trial.

We do not think that the district attorney was guilty of conduct that invaded the right of appellant to a fair trial. He does not seem to have made any statement of any fact in his address to the jury that may not be said to be fairly deducible from some evidence in the record. "Counsel have the right to present to the jury their views of the proper deductions or inferences which the facts warrant. Their reasoning may be faulty, their deductions from the premises illogical, but this is a matter for the jury ultimately to determine, and not a subject for exception on the part of opposing counsel." (*People* v. *Willard,* 150 Cal. 543, [89 Pac. 124].)

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.