[Crim. No. 421. Third Appellate District.—April 15, 1918.]

THE PEOPLE, Respondent, v. PEDRO GONZALES et al., Appellants.

CRIMINAL LAW—INDETERMINATE SENTENCES—APPLICABILITY TO CONVICTIONS FOR ROBBERY.—Section 1168 of the Penal Code, providing for indeterminate sentences in criminal cases, is applicable to convictions for robbery, since under section 213 of such code robbery is punishable by imprisonment in the state prison not less than one year.

ID.—FIXING OF MAXIMUM PUNISHMENT—CONSTRUCTION OF CODE PROVISION.—Section 671 of the Penal Code, providing that whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than that prescribed, does not require, on conviction of robbery, that the judge shall fix a maximum term, since to make a crime subject to the indeterminate sentence law it need not be punishable by imprisonment in the penitentiary for a definite term fixed by law, but it is sufficient if it be thus punishable for any term.

ID.—PURPOSE OF INDETERMINATE SENTENCE LAW.—The purpose of the indeterminate sentence law was to take from the trial judge the discretion of fixing definitely the term of imprisonment and to vest it in the prison directors within the limits prescribed by the Penal Code.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge.

The facts are stated in the opinion of the court.

Fred J. Harris, for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The appeal is from the judgment of conviction sentencing the defendants to a term of imprisonment in the state prison, the former for a period of fifteen years and the latter for ten years. The only question involved herein is as to the form of the judgment. Appellants contend that under the provisions of section 1168 of the Penal

Code (Stats. 1917, p. 665), providing for an indeterminate sentence, the court should not have fixed the term or duration of the punishment. The language of that section is: ''Every person convicted of a public offense, for which public offense punishment by imprisonment in any reformatory or the state prison is now prescribed by law . . . shall be sentenced to be confined in the state prison, but the court in imposing such sentence shall not fix the term or duration of the period of imprisonment.'' There is no question that said act of the legislature was in effect at the time the offense herein was committed, and we may add that the constitutionality of said act has been determined by the supreme court in the *Matter of the Application of Lee,* 177 Cal. 690, [171 Pac. 958]. The language as to the form of the sentence is so plain as not to admit of discussion. We may state that the provision was incidentally alluded to in the decision of this court in the case of the *People* v. *Lee, ante,* p. 323, [172 Pac. 158].

The only question remaining is whether the offense is one for which punishment by imprisonment in any *reformatory* or the *state prison* is now prescribed by law or was *so prescribed* at the time the offense was committed. As to this there can be no possible doubt. Section 213 of the Penal Code provides: ''Robbery is punishable by imprisonment in the state prison not less than one year.'' This was in force at all the times herein mentioned. In fact, it has been the law since 1872. It is therefore entirely manifest that punishment for the crime of which the appellants were convicted was and is prescribed by the law to be imprisonment in the state prison. Hence the indeterminate sentence law is applicable and the judgment should have been in the form which we have indicated.

It seems hardly necessary to go any further in consideration of the matter, but a moment's attention may be devoted to the contention of respondent that the duty was cast upon the lower court to fix the maximum punishment by virtue of section 671 of the Penal Code providing: ''Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sen-

tence such offender to imprisonment during his natural life, or for any number of years not less than that prescribed.''

But it is manifest that said section does not authorize any punishment other than imprisonment in the state prison. It is equally as clear from that section as from said section 213 that robbery is punishable by imprisonment in the state prison and hence within the terms of said indeterminate sentence law. To make the crime subject to the provisions of this latter act it is not necessary that the crime be punishable by imprisonment in the penitentiary for a definite term fixed by the law. It is sufficient if it be thus punishable for any term.

Indeed, where there is a maximum and minimum term prescribed by the law, it was left prior to said act of 1917 to the discretion of the court to impose the punishment within these limits. That was the case in nearly all the penitentiary offenses, but the purpose of the new law was to take from the trial judge the discretion of fixing definitely the term of imprisonment and to vest it in the prison directors within the limits prescribed by the Penal Code.

We can see no merit in the claim that the law does not prescribe the maximum penalty for the crime of robbery. The maximum penalty ''prescribed by the law'' is the extreme penalty that the law authorizes to be imposed—that is, life imprisonment in the present case, as we have seen.

The two sections of the Penal Code may be read together and they amount to this: ''Robbery is punishable by imprisonment in the state prison not less than one year and it may be for life.'' As before suggested, the fact that a maximum and a minimum penalty is prescribed, necessarily implied a discretion to be exercised by the judge pronouncing the sentence, and the circumstance that such discretion is specifically mentioned in said section 671 does not affect the legal aspect of the case.

It is clear that the judgment is informal, and it is therefore reversed, with direction to the lower court to pronounce judgment in accordance with said indeterminate sentence law of 1917.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1918.