[Crim. No. 969.   Second Appellate District, Division Two.—September 19, 1923.]

## THE PEOPLE, Respondent, v. W. E. GROVES et al., Appellants.

[1] CRIMINAL LAW—ROBBERY—REMOVAL OF DEFENDANTS FROM PENITENTIARY—JURISDICTION—EVIDENCE.—In a prosecution for robbery, where at the time of pronouncement of sentence for the commission by defendants of another crime the trial court ordered execution thereof stayed until the trial of the instant case, but pursuant to a commitment erroneously issued the defendants were taken to the state penitentiary, and thereafter the warden of the penitentiary turned the defendants over to the sheriff pursuant to a court order directing their production at the trial, the defendants were too late in attacking the validity of the order and jurisdiction of the trial court in having them removed from the penitentiary, where the authority of the sheriff and warden in executing the order of the court was at no time questioned, and the defendants were cognizant of the status of their case.

[2] ID.—ALLEGED PROMISES OF DISTRICT ATTORNEY—EFFECT OF AS
BAR TO PROSECUTION.—In such prosecution, promises alleged to
have been made by the district attorney to defendants that they
would not be prosecuted on any other charges if they pleaded
guilty to a charge of grand larceny in another prosecution did not
have the effect of barring a prosecution for the crime of robbery.

[3] ID.—EVIDENCE—CONFESSIONS.—In such prosecution, the admission
in evidence of the confessions of defendants was not erroneous
where, after testimony given *pro* and *con* as to their voluntary
character, the jury were instructed to determine as a question of
fact, in accordance with defendants' request, whether either of
the defendants confessed to his implication in the commission
of the offense, and if so whether or not he did so freely and
voluntarily.

[4] ID. — INSTRUCTIONS — CONSTRUCTION. — Instructions are not to be
read in isolated sections; they must be construed as given, and
when as a whole they present the issues properly, there is no
ground for reversal.

[5] ID.—INSTRUCTION—ABSENCE OF ERROR.—In such prosecution, the
giving of an instruction which, when standing alone, was suscep-
tible of the construction that a conviction of one of the defend-
ants would establish the guilt of the other, was not erroneous
where, when read in connection with other given instructions, the
jury could not have failed to understand by the instruction com-
plained of that the court intended to direct a conviction only of
such individual defendant as might be found to have robbed the
complaining witness, or aided, abetted and assisted some other
person to do so.

[6] ID. — SENTENCE — JURISDICTION. — In such prosecution, the trial
court, upon conviction of the defendants, had power to adjudge
that they be confined in the state prison for the term prescribed
by law, even though the defendants were serving time in the peni-
tentiary for larceny.

[7] ID.—CHARACTER OF SENTENCES IMPOSED.—In such prosecution, the
sentences of the defendants, which were identical in form, that
each defendant be punished by imprisonment in the state prison
for the term prescribed by law were not cumulative, but run
concurrently with those which they were serving when tried in
the instant case.

[8] ID.—PICTURE OF ONE OF DEFENDANTS—INTRODUCTION IN EVIDENCE
—ABSENCE OF ERROR.—In such prosecution, the introduction in
evidence of a picture of one of the defendants was not prejudicial
to his rights where it does not appear that any objection was
made at the time the picture was offered and received, it being
introduced at the instance of defendants' counsel.

[9] ID.—IMPEACHMENT—PROPER DENIAL OF RIGHT.—In such prosecu-
tion, the denial of the right to impeach a witness for the
prosecution was proper where no foundation was laid for such
impeachment.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred H. Thompson and Ira L. Brunk for Appellants.

U. S. Webb, Attorney-General, for Respondent.

CRAIG, J.—The defendants were convicted on December
26, 1922, of the crime of robbery, the specific charge being
that on or about the nineteenth day of June of that year,
in the city of Los Angeles, they took from one G. C. Knight
personal property of the value of $16.65 in gold coin of the
United States. For purposes of intelligible reference we
may denominate this the oil-station case.

On October 3, 1922, the same defendants pleaded guilty
to grand larceny under an information consisting of three
counts charging, respectively, grand larceny, robbery, and
burglary, in that these defendants and one William Allen
stole $25,000 worth of diamonds and jewelry on or about
June 1, 1922, in said city of Los Angeles. This will be re-
ferred to as the Rowan case.

Sentences were pronounced in the latter case on October
10th and execution was stayed until the 17th, at which time
defendants moved to dismiss the second and third counts,
which motion was denied. The district attorney moved to
set the cause for trial on said two counts, which was also
denied, and he thereupon stated that the oil-station case was
pending and had been set for trial on November 29th, and
asked that execution in the Rowan case be stayed until De-
cember 1st, and the court so ordered. Through inadvertence
and mistake of the clerk the order staying execution was not
inserted in the minutes, and a commitment was issued and
delivered to the sheriff, pursuant to which the defendants
were removed to the penitentiary. November 25th an order
was made directing the sheriff to return the defendants

from the penitentiary and produce them in court on the 29th of that month for trial, and the warden was therein directed to deliver them to the sheriff upon the production of said order. Defendants were accordingly brought into court as ordered, and on said twenty-ninth day of November a further order was entered reciting the oversight and directing that the minutes of October 17th be corrected so as to set forth the facts and the order staying execution until November 29, 1922. Defendants thereupon moved for a continuance, which was granted, and on December 1st they prayed for a further continuance on the ground that the court had no jurisdiction, which motion was denied; however, they were given until December 20th to prepare for trial. On this latter date the trial commenced and resulted in a verdict of guilty against both defendants.

From the final judgment of conviction and from an order denying their motion for a new trial, the defendants have appealed to this court.

The first ground upon which the defendants seek to reverse the judgment is that the trial court exceeded its jurisdiction in ordering and removing them from the custody of the warden of the state penitentiary, and forcing them to trial.

The minutes of the trial court show several continuances granted at defendants' request, and that on August 25th they consented to November 29th as the date of trial; when they appeared and pleaded guilty in the Rowan case, on October 3d, the district attorney's motion for stay of execution appears to have been granted. That both defendants were therefore fully cognizant of the status of their case and were at least constrained to anticipate the probability of a trial, they cannot consistently gainsay. The record does not warrant the inference, nor do the defendants contend, that they otherwise than silently submitted to removal to the penitentiary and return therefrom. **[1]** The authority of the sheriff, or of the warden, was at no time questioned, and after such acquiescence in the execution by those officers of the court's orders, they were too late to attack the validity of the removal proceedings or the jurisdiction of the court. In *Ex parte Clark*, 85 Cal. 203 [24 Pac. 726], it was determined that the court had jurisdiction to try the petitioner for murder, although to be so tried he was

brought from the prison at Folsom, where he was serving a sentence upon conviction of felony. In passing upon the question the court used the following language:

"No matter whether the superior court of San Francisco had the right to order the petitioner out of the custody of the Warden of the state prison or not, he was produced. An information charging him with an offense within the jurisdiction of that court was filed, and the court thereby became and was vested with the power and jurisdiction to try him, and its judgment is valid and binding. Therefore he cannot be heard at this late day to claim, in a proceeding of this kind, that the sheriff has no right to hold him under such judgment. Conceding that the warden of the state prison might have asserted his right to hold the petitioner under the commitment from the superior court of San Diego County, it is clear to us that the petitioner cannot escape the consequence of a valid judgment rendered against him, by showing that another valid judgment had previously been rendered which had not been fully executed."

"The jurisdiction of the court in which the individual is found is not impaired by the manner in which the accused is brought before it." (*Mahon* v. *Justice,* 127 U. S. 708 [32 L. Ed. 283, 8 Sup. Ct. Rep. 1208, see, also, Rose's U. S. Notes].) "The defendant being before the proper court, which had jurisdiction of his offense, it matters not how he may have entered into the presence of the court, it was its duty to try him." (*People* v. *Pratt,* 78 Cal. 345, 349 [20 Pac. 731, 733].) Section 1567 of the Penal Code, as construed in *Ex parte McGuire,* 135 Cal. 339 [87 Am. St. Rep. 105, 67 Pac. 327], gave the court full jurisdiction to set the case and try it. We quote from the case just mentioned, and which is cited by appellants, as follows: "A prisoner, whether confined in the state prison or in the county jail, may be brought before a court for any lawful purpose (Pen. Code, sec. 1567), and, among the purposes, in order that he may be tried for a criminal offense, as this prisoner was. In such a case the proceedings against him are regulated by the same statutory provisions that control the procedure in other trials upon similar charges."

Section 1567 of the Penal Code provides: "When it is necessary to have a person imprisoned in the state prison

brought before any court, or a person imprisoned in a county jail brought before a court sitting in another county, an order for that purpose may be made by the court and executed by the sheriff of the county where it is made.''

[2] Defendants next contend that they were induced to plead guilty to grand larceny, and to make statements, in connection with the Rowan case, by promises that they would not be prosecuted on any other charges, and that this constituted a bar to prosecution in the oil-station case. If the district attorney made such representations he clearly exceeded his authority in so far as binding his own office or the court was concerned. Defendants cite no authorities holding that a promise of leniency given by a prosecuting officer under such circumstances has ever been held to prevent prosecution for crime, and in determining this appeal we are not required to inquire into the ethics of the transaction, if, indeed, one took place of the character alleged.

[3] There is no merit in the assignment as error of the admission in evidence of purported confessions. This point is so closely allied with the contention last discussed that under the testimony of the defendants themselves it is unavailing. Certain officers testified that each of the defendants freely and voluntarily admitted his guilt in the instant case, and detailed the conversations over objections of counsel that they were not free and voluntary, but were induced by promises of immunity. Defendants' counsel vigorously demanded that the question be submitted to the jury for their determination as to whether or not such alleged confessions were voluntary. Each defendant testified positively that he made no statement of the facts in this case to anyone, and that he did not confess, as testified by witnesses for the prosecution. The court concluded that the statements, if made, were voluntary, but instructed the jury to disregard any expression of the court on the subject, and to determine as a question of fact, in accordance with counsel's request, whether either of the defendants confessed to his implication in the commission of this offense, and if so whether or not he did so freely and voluntarily.

Defendants complain of an instruction to the jury that if they believed from the evidence beyond a reasonable doubt that the defendants or either of them feloniously took from the person or the immediate presence of G. C. Knight the

property described, or any part thereof, as charged in the information, or aided, abetted, and assisted any other person or persons to so feloniously take from the person or the immediate presence of the said G. C. Knight, by means of force or fear and against the will and consent of Knight, the property mentioned, as charged in the information, then they should find the defendants guilty. It is contended that the court combined the cases of both defendants, in consequence of which a conviction of one would establish the guilt of the other.

[4] Standing alone, this language is ambiguous and susceptible of the construction placed upon it by defendants, but instructions are not to be read in isolated sections; they must be construed as given, and when as a whole they present the issues properly, there is no ground for reversal. (*People* v. *Hecker,* 109 Cal. 451 [30 L. R. A. 403, 42 Pac. 301] ; *People* v. *Glover,* 141 Cal. 233 [74 Pac. 745] ; *People* v. *Besold,* 154 Cal. 363 [97 Pac. 871] ; *People* v. *Cleveland,* 49 Cal. 578; *People* v. *Kennedy,* 55 Cal. 201; *People* v. *Wallace,* 109 Cal. 611 [42 Pac. 159].) [5] The trial court merely instructed that if the defendants or either of them actually took from the person or immediate presence of Knight the property described, the jury should convict, but this, of course, was intended in conjunction with other instructions comprehensively applying the law to the evidence in the case. The testimony of eye-witnesses tended to show that Sullivan held up Knight at the point of a gun and robbed him, while Groves stood off the driver outside, also with a gun, thus aiding and abetting. Further instructions defined robbery, accomplices, and aiding and abetting, and the jury were told that if Sullivan *and* Groves committed the offense they would be guilty. If both defendants did the actual robbing, or if one robbed Knight and the other aided and abetted, both would be guilty. (*People* v. *Fredoni,* 12 Cal. App. 685 [108 Pac. 663].) When read in connection with these other instructions we think the jury could not have failed to understand by the instruction of which complaint is made that the court intended to direct a conviction only of such individual defendant as might be found to have robbed the complaining witness, or aided, abetted, and assisted some other person to do so.

[6] The only remaining assignment of consequence challenges the power of the court to sentence the defendants upon conviction in this case, while serving time in the penitentiary for larceny of the Rowan jewelry. Were such dilemma possible the hands of courts would be paralyzed. Defendants rely upon *Ex parte Morton,* 132 Cal. 346 [64 Pac. 469], and *Ex parte McGuire,* 135 Cal. 339 [87 Am. St. Rep. 105, 67 Pac. 327]. The first-cited authority simply holds that the trial court is not authorized to expressly pronounce cumulative sentences except as provided by the statute; and the latter holds that one serving in a county jail under sentence from police court, tried, convicted, and sentenced in the superior court for felony, should be delivered to the warden of the penitentiary, and that the sheriff holding a certified copy of the judgment was without discretion. It is also said that this is so, even of persons removed from the penitentiary for trial, which was presumably complied with in this case. Here the trial court merely adjudged that defendants be confined in the state prison for the term prescribed by law, which under sections 1168 and 1191 of the Penal Code and *People* v. *Gonzales,* 36 Cal. App. 782 [173 Pac. 407], was its plain duty. It is difficult to conceive of a situation wherein the trial court would be authorized to bring before it from the penitentiary persons charged with felony, for trial, and yet be prohibited from passing sentence, when section 1191 of the Penal Code expressly makes it mandatory upon the court to pronounce sentence not less than two nor more than five days after verdict, unless the time be extended for the purposes therein specified. Under the judgment of the trial court defendants were merely returned to the custody of the warden with no specified penalty.

[7] We are informed that the sentences were cumulative, and authorities are cited to show that therefore the court exceeded its jurisdiction. But the sentences were not cumulative. They were in the ordinary form. The one dealing with the defendant Groves reads in part as follows: "It is therefore ordered, adjudged and decreed, that the said W. E. Groves be punished by imprisonment in the State Prison of the State of California at San Quentin for the term prescribed by law." The sentence of Sullivan is identical in form. Such sentences run concurrently with those

which the defendants were serving when tried in the present case. (*Ex parte Casey,* 160 Cal. 357 [116 Pac. 1104].)

[8] Two rulings of which appellants complain require but brief mention. A picture of the defendant Sullivan was introduced in evidence, and it is insisted that this was prejudicial to his rights. However, it does not appear that any objection was made at the time the picture was offered and received. In fact, it was introduced at the instance of defendants' counsel during the cross-examination of appellant Sullivan by the district attorney, upon his positive testimony that it was his picture.

[9] It is also claimed that the court erred in denying the defendants the right to impeach W. Maxwell Burke, a witness for the prosecution, but no foundation was laid for such impeachment.

From a reading of the entire transcript it appears that the evidence of the guilt of each of the defendants is clear and conclusive, and that no errors occurred in the trial of such a character as could have prejudicially misled the jury. Under such circumstances, section 4½ of article VI of the constitution of California precludes a reversal.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1923.