[Crim. No. 1100.   Second Appellate District, Division One.—June 19, 1924.]

## THE PEOPLE, Respondent, v. REFUGIO MENDEZ, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—CONVICTION OF LESSER CRIME—REFUSED INSTRUCTIONS.—In this prosecution in which the defendant was charged with an assault with a deadly weapon with intent to commit murder, the verdict of the jury, finding defendant guilty of an assault with a deadly weapon, was an acquittal of him of the more serious crime of an assault with intent to commit murder, and, therefore, he was not prejudiced by the refusal of the trial court to give a requested instruction which referred entirely to the crime of an assault to commit murder.

[2] ID. — ACT AND INTENT — CRIMINAL NEGLIGENCE—INSTRUCTIONS— EVIDENCE—FINDINGS.—In such a prosecution, it is not error to instruct the jury, at the request of the prosecution, that "in considering the following definitions (of the several different kinds of assaults) you should remember that in every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence"; and the defendant may properly be found guilty of an assault with a deadly weapon, even though he did not intend to inflict bodily injury upon the body of the complaining witness, where the jury finds that he was guilty of criminal negligence in the use of a deadly weapon.

---

(1) 17 C. J., p. 352, sec. 3708.   (2) 5 C. J., p. 736, sec. 212; 30 C. J., p. 418, sec. 663.

1.   See 8 Cal. Jur. 630; 2 R. C. L. 261.
2.   See 7 Cal. Jur. 850, 857; 20 R. C. L. 9.

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Scott McReynolds for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CURTIS, J.—The defendant was charged with an assault with a deadly weapon with intent to commit murder. He was found guilty of an assault with a deadly weapon and appeals from the judgment of conviction, and from an order denying his motion for a new trial.

The defendant and the complaining witness, Rodriguez, were on friendly terms, and on the day of the assault the defendant visited the complaining witness at the home of the latter. While the evidence is conflicting as to just what transpired in the house on the occasion of this visit, there was nothing to indicate that the friendly relations theretofore existing did not continue throughout the entire time the defendant was at Rodriguez's house. While in the house it was agreed between them that they would retire therefrom and engage in a friendly wrestling contest. They left the house for this purpose in company with Rodriguez's wife and one Ortiz. On reaching the yard in front of the house they began wrestling with each other, with the result that on the third trial the defendant threw Rodriguez. At its conclusion the latter was desirous of continuing the contest and advanced toward defendant, evidently with this purpose in mind. The defendant retreated a few steps, avoiding Rodriguez, who continued to advance toward defendant. Whereupon, the defendant, when Rodriguez was about fifteen feet from him, drew his pistol and fired, hitting the latter in the groin and inflicting a painful and serious injury upon Rodriguez. The defendant assisted in taking Rodriguez to the hospital, offered to pay the expense of his care, and expressed his regret over the affair. The sole defense of the accused was that he pointed his gun at the ground and fired to frighten Rodriguez, and that he had no intention of shooting him or of injuring him in any manner.

Appellant submitted five instructions to the court, all of which were refused. The court also gave the following instruction at the request of the prosecution: "In considering the following definitions (of the several different kinds of assaults) you should remember that in every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence." Appellant now assigns as error the action of the court in refusing to give the five instructions proposed by him, and in giving the instruction above set forth, offered on behalf of the prosecution.

[1] Proposed instruction No. 3, offered by the defendant and refused by the court, referred entirely to the crime of an assault to commit murder. The verdict of the jury, finding the defendant guilty of an assault with a deadly weapon, was in acquittal of him of the more serious crime of an intent to commit murder. The defendant, therefore, could not be injured by the refusal of the court to give proposed instruction No. 3, and if any error was committed by the court in refusing to give said proposed instruction, it was without prejudice to the defendant. (*People* v. *Wallace,* 101 Cal. 281, 285 [35 Pac. 862].) Moreover, the subject matter of this instruction was, in our opinion, fully covered by the instructions given to the jury. Proposed instruction No. 4, refused by the court, was fully covered by instruction No. 11 as given by the court.

[2] Appellant's objection to the action of the court, in refusing to give proposed instructions numbered 1, 2 and 5, proposed by him, and his objection to the instruction above set forth, given by the court on behalf of the prosecution, is that the court's charge was calculated to mislead the jury into the belief that if the defendant was reckless in the use of his pistol for the purpose of intimidating Rodriguez, that he might be found guilty of the crime of an assault with a deadly weapon. Appellant's contention is that, before one accused of such a crime can be found guilty thereof, it must be established that he intended to inflict bodily injury upon the person assaulted, and that in the absence of such proof he must be acquitted of the charge, even if it be shown that he was guilty of criminal negligence in the use of a deadly weapon, and that the injury caused was the direct result of such criminal negligence on his part. He admits that, had the shot which took effect in Rodriguez's body

caused the death of the latter, the defendant could be found guilty of manslaughter, but contends that unless death ensued he is not guilty of any crime as a result of the wound inflicted by him through his negligence.

The only authorities cited by appellant in support of this contention are the cases of *People* v. *McMakin,* 8 Cal. 547, and *People* v. *Yslas,* 27 Cal. 630. Neither of these cases sustained the position of appellant. On the other hand, the precise point was before the court in *People* v. *Price,* 9 Cal. App. 218–221 [98 Pac. 547], and decided adversely to appellant's contention. The defendant in this latter case was found guilty of an assault with a deadly weapon. The court refused to give the following instruction: "I further instruct you that in every crime or public offense there must exist a union or joint operation of act and intent." On appeal the appellate court sustained the judgment, and in doing so used the following language: "The above instruction may well have been refused for the reason that it states that 'in every crime there must exist a union or joint operation of act and intent.' It leaves out the element of 'criminal negligence' which the statute contains. (Pen. Code, sec. 20.) The jury might well have inferred from the evidence in this case that even if defendant did not intend to shoot at Toomey or fire the shot that hit him, that it was criminal negligence to draw the pistol and fire it once in the ground to frighten Toomey, and then to hold it in his hand in such position that it might be discharged in the scuffle which ensued." We think this is a correct exposition of the law upon this subject, and are therefore of the opinion that there was no error on the part of the court in the settlement of the instructions.

The judgment and order denying a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.