[No. 20434. In Bank.—June 9, 1888.]

Ex parte J. K. KIRBY, on Habeas Corpus.

Criminal Law—Two Convictions before Sentence—Commencement of Term of Imprisonment on Second Conviction.—Under section 669 of the Penal Code, where a person is convicted of two crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second conviction commences at the termination of the first term of imprisonment to which he is adjudged, notwithstanding the judgment rendered upon the second conviction may omit to contain a direction to that effect. In the event of no such direction in the judgment, the warden of the prison who holds the prisoner in custody is empowered to ascertain from the records of the court in which the convictions were had which is the first and which is the second sentence.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Edmund Tauszky*, for Petitioner.

*Attorney-General Johnson*, for Respondent.

THORNTON, J.—The warden of the state prison at Folsom, Charles Aull, made the following return to the writ herein:—

"In the supreme court of the state of California.

"In the matter of the application for a writ of *habeas corpus* on behalf of James Kenan Kirby.

"To the honorable the supreme court of the state of California:—

"State of California, }
    County of Sacramento, } *ss.*

"I, Charles Aull, warden of the California state prison at Folsom, do hereby certify that I received the annexed writ of *habeas corpus* on the twenty-fourth day of May, A. D. 1888, and, in obedience to commands of same, I make return as follows:—

"I have James K. Kirby, the party named in said writ, as a prisoner at the California state prison at Folsom, and I hold the said James K. Kirby a prisoner at the California state prison at Folsom by virtue of two certified copies of judgments duly made and entered in the honorable superior court of the county of Solano, state of California, each of said judgments bearing date October 8, 1884, true copies of which said judgments are hereunto annexed and made part of this return.

"I also hereto annex and make part of this return certified copies of the minutes of the superior court of Solano County, showing the arraignment and pleas of James K. Kirby on the seventh day of October, 1884, in the cases numbered respectively Nos. 201 and 202 of the docket of said court.

"I further certify that the said James K. Kirby was

received at the prison as a convict under and by virtue of said judgments, as shown by the records of the prison, on the ninth day of October, A. D. 1884, and he has now been imprisoned under said judgments three years, seven months, and fifteen days.

"And I further certify that during the said imprisonment of the said Kirby his conduct has been such as to entitle him, under the provisions of section 1590 of the Penal Code, and under the rules adopted by the state board of prison directors, to have deducted from his full term, as credits for good behavior, a period of seventeen months.

"All of which is respectfully submitted for the consideration of the honorable court.

"In witness whereof I have hereunto set my hand and affixed the seal of the prison this twenty-fourth day of May, A. D. 1884.          Charles Aull,
              "Warden California State Prison at Folsom."

"In the superior court of the county of Solano, state of California.   Present, Hon. J. M. Gregory, judge; W. J. Costigan, clerk.   Tuesday, October 7, 1884.

"People, plaintiff, v. James Kirby and John C. Burk, defendants.   No. 202.   Grand larceny.

"Now comes the district attorney with the defendants to the bar of this court for arraignment.   The defendants, in reply to the court, stated that they had no counsel and did not desire any.   The original information was read by the clerk, and a copy thereof presented each defendant.

"Defendant Kirby replied that his true name is James K. Kirby.

"Defendant John C. Burk said that his true name is John C. Burk.   It was then ordered that all proceedings had against said defendants thereafter be had in their true names, referring also to the names in the information.

"Defendants, waiving time, announced that they were prepared to plead.

"The defendants and each of them pleads that he is guilty of the offense charged in this information. Defendants were ordered to appear for sentence to-morrow morning."

"In the superior court of the county of Solano, state of California. Present, Hon. J. M. Gregory, judge; W. J. Costigan, clerk. Tuesday, October 7, 1884.

"People, plaintiff, v. James Kirby, defendant. No. 201.

"Now comes the district attorney with the said defendant to the bar of this court for arraignment. Defendant appearing without counsel, in reply to the court, stated that he did not desire counsel.

"The original information was read by the clerk, and a copy thereof furnished this defendant.

"Defendant stated that his true name is James K. Kirby.

"It is ordered that all proceedings hereafter had against said defendant be had in his true name, referring therein to the name by which he was informed against.

"Defendant, waiving time, announced himself ready to plead.

"Thereupon the defendant pleads that he is guilty of the offense charged in the information.

"The court fixed to-morrow morning as a time for pronouncing sentence."

"In the superior court of the county of Solano, state of California. Wednesday, October 8, A. D. 1884. Present, Hon. John M. Gregory, judge.

"The People of the State of California v. James K. Kirby, named in the information James Kirby, defendant. No. 201. Convicted of grand larceny.

"The district attorney, with the defendant, James K. Kirby, came into court. The defendant was duly informed by the court of the nature of the information filed on the seventh day of October, A. D. 1884, charging him with the crime of grand larceny, committed on the

thirteenth day of August, A. D. 1884, of his arraignment and plea, to wit, guilty of the offense charged in this information.

"The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him, to which he replies that he has none. And no sufficient cause being shown or appearing to the court, thereupon the court rendered its judgment: That, whereas, the said James K. Kirby, having been duly convicted in this court of the crime of grand larceny, it is therefore ordered, adjudged, and decreed, that the said James K. Kirby be punished by imprisonment in the state prison of the state of California at Folsom for the term of five (5) years. The defendant was then remanded to the custody of the sheriff of Solano County, to be by him delivered into the custody of the proper officers of said state prison."

"In the superior court of the county of Solano, state of California. Wednesday, October 8, 1884. Present, Honorable John M. Gregory, judge.

"The People of the State of California v. James K. Kirby, named in the information with John C. Burke as James Kirby, defendant. No. 202. Convicted of grand larceny.

"The district attorney, with the defendant, James K. Kirby, came into court. The defendant was duly informed by the court of the nature of the information filed on the seventh day of October, 1884, charging him with the crime of grand larceny, committed on the fourteenth day of September, 1884, of his arraignment and plea, to wit, guilty of the offense charged in the information. The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him. To which he replies that he has none. And no sufficient cause being shown or appearing to the court, therefore the court rendered its judgment:—

"That, whereas, the said James K. Kirby, having been duly convicted in this court of the crime of grand larceny, it is therefore ordered, adjudged, and decreed that the said James K. Kirby be punished by imprisonment in the state prison of the state of California at Folsom for the term of five (5) years. The defendant was then remanded to the custody of the sheriff of Solano County, to be by him delivered into the custody of the proper officers of said state prison."

It appears from the foregoing return there were two convictions and two sentences of the applicant, Kirby, and it is argued that it was the duty of the court in pronouncing the sentences to designate that at the close of the imprisonment under the first sentence the imprisonment under the second sentence should commence; inasmuch as this has not been done by the court on the trial of Kirby, that the sentences ran concurrently, and the periods mentioned in both close at the same time.

Whatever might be the correct rule in such a case at common law, or in some of the other states where such a statute as exists here is not in force, we hold that the question herein must be and is determined by the provisions of section 669 of the Penal Code. Section 669 of the Penal Code is in these words:—

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

We are of opinion that this section is a mandate to the warden who holds the prisoner in custody, and by it he is informed that the imprisonment on the second conviction must commence at the termination of the first term of imprisonment.

As the law is a mandate to the warden, that officer is empowered to examine the records of the court in which the prisoner was convicted, to ascertain which is the first and which is the second sentence. The records of the trial court will give him all the information required to enable him to act understandingly in the matter, whether in regard to attributing the credits to which the prisoner is entitled, or in determining the length of time during which the convict must be imprisoned; and should any application be made to the governor for pardon, we see no difficulty in the way of his ascertaining in which case he is called on to act. The records of the trial court are open and accessible to him, that he may obtain information in regard to the subject on which he is called to act.

We say that the records of the court will furnish all requisite information, for the reason that they will show which was the sentence pronounced on the first and which on the second conviction.

We cannot concur in the argument of counsel for the applicant, and are of opinion that in this case the imprisonment of the applicant must continue for the period of five years under each sentence, one period of five years following the other of the same length, shortened by such credits as he may be by law entitled to.

While we are convinced of the correctness of the foregoing, we think it proper to say that in the case of two convictions of the same person it would be right and proper that the court, in pronouncing its sentence upon the second conviction, should order and have inserted in its judgment a direction that the period of imprisonment on the second sentence should commence at the close of the period of imprisonment under the first.

Not having suffered such imprisonment, the prisoner is not entitled to his discharge, and he must therefore be remanded to the custody of the warden aforesaid of the state prison at Folsom.

So ordered.

SEARLS, C. J., SHARPSTEIN, J., McKINSTRY, J., and PATERSON, J., concurred.

McFARLAND, J., dissented.

Rehearing denied.