[Crim. No. 748.    In Bank. — March 28, 1901.]

Ex parte JAMES MORTON, on Habeas Corpus.

CRIMINAL LAW — SENTENCE — CUMULATIVE TERMS OF IMPRISONMENT. — Section 669 of the Penal Code only allows successive and cumulative terms of imprisonment, where a person has been convicted of two or more crimes, before sentence has been pronounced upon him for either; which may be done in all cases where two separate crimes are charged against the same person, by postponing judgment on the first conviction until after the verdict in the second case.

ID. — INVALID SENTENCE — HABEAS CORPUS. — Where the defendant has been already sentenced to the state's prison for a term of years for one crime, he cannot, upon subsequent conviction upon a second charge, be sentenced to a second term of imprisonment to commence at the expiration of the first term of years, and such sentence is invalid and void, and after the expiration of the first term of imprisonment, the prisoner is entitled to be discharged upon *habeas corpus*.

.HABEAS CORPUS in the Supreme Court to the Warden of the State Prison to test the validity of a sentence of the Superior Court of the City and County of San Francisco to commence at the expiration of a prior sentence. F. W. Van Reynegom, Judge.

The facts are stated in the opinion of the court.

N. S. Wirt, for Petitioner.

Tirey L. Ford, Attorney-General, for Respondent.

BEATTY, C. J.—The prisoner was convicted of the crime of assault with intent to commit murder, and on the 19th of July, 1890, was sentenced to be imprisoned at· Folsom for a term of ten years. Subsequently, on the seventh day of August, 1890, he was found guilty of burglary in the second degree, and on the ninth day of the same month was sentenced to be imprisoned at Folsom for a term of five years, "to commence at the expiration of the term of imprisonment defendant is now serving in the state prison at Folsom for assault to commit murder." Ever since the second sentence he has been continuously in the custody of the warden at Folsom, and he claims that, without regard to the credits he has earned by his good conduct, his imprisonment since the expiration of ten years from the date of his first sentence has been and is now unlawful, and this because the superior court had no power to include in the second sentence the provision above quoted, to the effect that the five years' term of imprisonment thereby imposed should commence at the expiration of the term of imprisonment which he was then undergoing.

Whether our courts have the power to impose cumulative sentences is a question which must be answered by the statutes. A term of imprisonment commences to run when the defendant is actually delivered at the place of imprisonment. (Pen. Code, sec. 670.) This is the rule, but it has some exceptions. 1. "When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other sub-

sequent term of imprisonment, as the case may be." (Pen. Code, sec. 669.)

This section prescribes one exception to the rule, but it does not cover the present case, because the prisoner was not convicted of the second offense until after sentence on the first conviction. There would seem to be no rational ground for a distinction between this case and the case provided for, but the distinction is clearly drawn in the statute, and we cannot hold that the provision quoted warrants the sentence under which alone the prisoner can now be held.

The only other statutory provision for cumulative sentences called to our attention is contained in section 105 of the Penal Code, which applies exclusively to escape from the state prison.

These exceptions seem to prove and establish the rule that in all other cases the term of imprisonment commences to run from the delivery of the convict at the prison. It must therefore be held that the direction in the second sentence of the prisoner, making it cumulative upon the first, was invalid, and that the lawful term of his imprisonment has expired.

This conclusion does not involve the inconveniences apprehended by counsel for the people. The prisoner here could have been punished as the court designed he should be punished, by simply postponing judgment on the first conviction until after the verdict in the second case. And so can all persons in his situation be subjected to successive and cumulative terms of imprisonment by simply observing the terms of the statute. (Pen. Code, sec. 669.)

The prisoner is discharged.

Garoutte, J., Van Dyke, J., McFarland, J., Harrison, J., and Henshaw, J., concurred.