[Crim. No. 852. In Bank.—January 13, 1902.]

## Ex parte JAMES McGUIRE, on Habeas Corpus.

CRIMINAL LAW—CONVICTION OF MISDEMEANOR IN POLICE COURT—SENTENCE FOR FELONY—UNLAWFUL IMPRISONMENT—HABEAS CORPUS.— Where a defendant convicted of a misdemeanor in a police court, and sentenced to imprisonment for six months in the county jail, was, pending his imprisonment, sentenced to the state prison, upon conviction of a felony, on his plea of guilty, his imprisonment in the county jail more than forty days after the latter sentence is unlawful, and upon *habeas corpus* the prisoner will be remanded to the sheriff for imprisonment in the state prison forthwith.

ID.—CUMULATIVE SENTENCES—LIMITATIONS.—The power of the superior court to impose cumulative sentences is limited to the two cases defined in sections 105 and 669 of the Penal Code, and the expression of those cases implies the absence of such power in all other cases.

APPLICATION for writ of *habeas corpus* to the Sheriff of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Albert P. Wheelan, S. P. Elias, and Walter Rodgers, for Petitioner.

W. J. Herrin, for Respondent.

BEATTY, C. J.—The return to the writ issued in this case simply confirms the allegations of the petition upon which it was issued, and establishes the following state of facts: On July 3, 1901, the prisoner was convicted of a misdemeanor in the police court of San Francisco, and sentenced to be imprisoned in the county jail for a term of six months. After this term of imprisonment had commenced, on August 2, 1901, the prisoner was arraigned in the superior court of San Francisco upon a charge of burglary, to which he entered a plea of guilty, whereupon he was duly sentenced, September 7, 1901, to be imprisoned in the state prison at Folsom for a term of years. No appeal was taken from this judgment, and no stay of proceedings was ordered or requested, and on the tenth day of September the clerk of the court delivered to the sheriff of San Francisco a certified copy of the judgment,

which it was his duty to execute, by delivering the prisoner to the warden of the Folsom prison (Pen. Code, sec. 1216), unless the execution of the judgment for the felony was stayed by the judgment for the misdemeanor,—unless, in other words, it was necessary that the prisoner should complete the term of his imprisonment in the county jail before commencing his term of imprisonment in the state prison. The sheriff, acting upon the theory that the term in the county jail must be served out, instead of delivering the prisoner to the warden at Folsom, returned him to the county jail, where, in his character of *ex officio* jailer of the city and county of San Francisco, he was detaining him, in execution of the police court judgment on the 24th of October, 1891, when this proceeding was commenced. Upon this point there can be no room for doubt. The prisoner was being confined in the county jail at San Francisco more than forty days after he should have been delivered at Folsom under the commitment from the superior court, a delay which would have been entirely inexcusable, except for the advice under which the sheriff was acting, to the effect that he must not remove the prisoner to Folsom until his term of imprisonment in the county jail for the misdemeanor had expired. It was stated at the hearing that the sheriff had not only been so advised, but that it had been so decided in a *habeas corpus* proceeding in the superior court, where the prisoner had sought relief before making his application to this court. The fact, therefore, that the sheriff in his return sets up both commitments raises no doubt as to the character and purpose of the imprisonment which the petitioner is undergoing, and the right of the sheriff to the custody of the prisoner for the purpose of delivering him to the warden of the state prison does not relieve his detention in the county jail for another purpose of its unlawful character, if it is true, as the prisoner contends, that it was the duty of the sheriff to take him at once to Folsom, notwithstanding his term in the county jail had not expired. And the fact that the same person (John Lackmann) happens to be the sheriff charged with the duty of executing the judgment of the superior court, and at the same time *ex officio* county jailer, and, as such, charged with the execution of the police court judgment, ought not to confuse the question to be decided. The case is just the same as it

would have been if, instead of having been convicted of a felony in San Francisco, the prisoner had been taken to Alameda County and there convicted of a felony pending his term of imprisonment for misdemeanor in San Francisco, and after such conviction and commitment to the state prison, had been returned to San Francisco to serve out his term there, before being delivered to the custody of the warden. In such case, it is plain that the sheriff of San Francisco could not justify his detention of the prisoner in the county jail, by setting up the right of the sheriff of Alameda to his custody for the purpose of delivering him at the state prison. And no more can the sheriff, in the case as it is, justify his continued detention of the prisoner in the county jail, unless it is warranted by the commitment from the police court. He, indeed, has never claimed to justify his acts upon any other ground, and what has been said with reference to this point is in answer to the argument advanced here, that since, in one capacity or the other, John Lackmann is entitled to the custody of the prisoner, he must necessarily be remanded, and, therefore, that it is unnecessary for us to decide whether he should be detained in the county jail till the expiration of the term of his imprisonment there, or taken at once to the state prison. It is manifest that the decision of this question cannot be avoided, for if the contention of the prisoner is sound, his imprisonment in the county jail is unlawful, and for that unlawful imprisonment *habeas corpus* is the proper remedy. It not only lies where the prisoner is entitled to his liberty, but also where he is held by one person when another is entitled to his custody, in which case the court is expressly empowered to deliver him from the unlawful imprisonment by committing him to the custody of the person who is by law entitled thereto. (Pen. Code, sec. 1493.) Under this provision of the statute we have the power, and it is our duty, if we think the prisoner should have been taken at once to Folsom, to deliver him from his unlawful imprisonment in the county jail and remand him to the custody of the sheriff for the sole purpose of being at once, and with all convenient expedition, transported to Folsom. For his term of imprisonment only commences to run from the actual date of his delivery there (Pen. Code, sec. 670), and every day that he is unnecessarily detained in the county jail after his commitment

is an unlawful addition to the punishment which the law has imposed for his offense. What, then, is the legal right of the prisoner with respect to the place of his confinement? A prisoner, whether confined in the state prison or in the county jail, may be brought before a court for any lawful purpose (Pen. Code, sec. 1567), and, among other purposes, in order that he may be tried for a criminal offense, as this prisoner was. In such case the proceedings against him are regulated by the same statutory provisions that control the procedure in other trials upon similar charges. In felony cases tried in the superior court,— such as that of the prisoner,—where the penalty upon conviction is imprisonment in the state prison, it is the duty of the clerk *forthwith* (unless a stay is ordered) to furnish the sheriff with a certified copy of the judgment as entered in the minutes of the court. (Pen. Code, sec. 1213.) And it is the duty of the sheriff, *upon receiving such copy,* to take and deliver the defendant to the warden of the state prison. (Pen. Code, sec. 1216.) In view of these provisions, it is difficult to see how, if, in the case above supposed, this prisoner had been convicted of a felony in Alameda County, the sheriff of that county could have taken him back to San Francisco to serve out his sentence in the county jail before taking him to the state prison. And if the sheriff of Alameda County could not have returned him to the county jail in San Francisco, neither can the sheriff of San Francisco do the same thing. To a prisoner serving a term of imprisonment for a misdemeanor the consequences of a subsequent conviction of a felony must be the same in whatever county the conviction takes place. The sentence must be certain in itself and in its legal consequences. It cannot be cumulative upon another term of imprisonment when pronounced in the county where the misdemeanor was committed, if it would not be cumulative when pronounced in any other county of the state. The legality of this imprisonment may therefore be fairly tested by the case supposed, of a subsequent conviction in Alameda County. The superior court of that county, having the power to bring before it a prisoner serving out a sentence for a misdemeanor committed in San Francisco, for the purpose of trying him on a charge of felony committed in Alameda, has necessarily the implied power to proceed to judgment and execution, and if the ordinary course of procedure

upon conviction requires any modification, by reason of the unexpired term of imprisonment for the misdemeanor, it would seem to be the duty of the court to give the necessary directions in its judgment. Unless it does so, the duty of the clerk and the sheriff is plainly prescribed by the statute. In the absence of a stay, the clerk must *forthwith* deliver to the sheriff the commitment to the state prison, and the sheriff, *upon receipt of the commitment, must* deliver the prisoner to the warden. He is not warranted by any law in surrendering him to the jailer of San Francisco, to be kept for a term before his delivery to the warden, and there is no law which would warrant the court in giving a direction to that effect. The power of the superior court to impose cumulative sentences was considered in the late case of *Ex parte Morton*, 132 Cal. 346, where it was held that the power exists only in the two cases defined in sections 105 and 669 of the Penal Code.

The fact that the legislature has conferred a special power to impose cumulative sentences in two cases implies the absence of such power in other cases. And if the court itself in this case could not have made its sentence cumulative, certainly its officer cannot give it that effect.

My conclusion is that the imprisonment of the petitioner in the county jail, in execution of his sentence for the misdemeanor, is unwarranted and illegal, but it does not follow, as he contends, that he should be set at liberty. He is entitled to the benefit of the writ of *habeas corpus* only so far as necessary to secure him in his legal right to be placed in the proper custody. It is therefore ordered that he be remanded to the custody of the sheriff for the purpose of delivery forthwith to the warden of the state prison.

Van Dyke, J., Temple, J., and Henshaw, J., concurred.

GAROUTTE, J., concurring.—I have serious doubts as to the correctness of the conclusion here declared, to the effect that a judgment of a justice's or police court, rendered within its jurisdiction, convicting a defendant of a misdemeanor, in effect, will be nullified and set aside by a mere judgment of a superior court, rendered thereafter, convicting the same defendant of a felony. It seems to me that the judgment of a

police court, rendered within its jurisdiction, has the same effect, force, and dignity as a judgment of a superior court. I concur in the judgment.