[Crim. No. 1688.  In Bank.—July 11, 1911.]

Ex Parte JOSEPH CASEY, on Habeas Corpus.

CRIMINAL LAW—CONVICTION WHILE ON PAROLE—IMPRISONMENT—SER-
VICE OF TIME UNDER DIFFERENT JUDGMENTS.—Where a prisoner, while
at liberty on parole, is convicted of another offense, and again im-
prisoned, the time during which he was so at liberty must be credited
to him as time served on the original judgment, and when again
imprisoned, after conviction of such subsequent offense, he is
imprisoned not only under the second judgment, but also under the
first judgment.

ID.—JUDGMENTS OF IMPRISONMENT RUN CONCURRENTLY.—Except in the
two cases specified in sections 669 and 105 of the Penal Code, judg-
ments of imprisonment in the state prison run concurrently.

APPLICATION for a Writ of Habeas Corpus directed to
the Warden of the California state prison at Folsom.

The facts are stated in the opinion of the court.

Petitioner, *in pro per.*

R. C. Van Fleet, Deputy Attorney-General, for Respondent.

THE COURT.—From the return made to the court by the
warden of the California state prison at Folsom, in response
to the writ of *habeas corpus* issued herein, and the matters
alleged in the petition for the writ, which were admitted by
the attorney-general to be true, it was confessed by the
attorney-general and satisfactorily appeared to the court
that the petitioner was entitled to be discharged from
custody. It was accordingly so ordered. That the reasons
for such action may appear of record, this opinion is filed.

The petitioner was convicted of a felony, and adjudged
to be imprisoned therefor for a specified term in the state
prison. He was accordingly imprisoned in the state prison
for a portion of such term, and then allowed his liberty on
parole. While at large on parole he was charged with
another felony, and convicted thereof. Upon this conviction,
he was again adjudged to suffer imprisonment in the state
prison for a term of years. He served this term in the state

prison. At the expiration thereof, he had been imprisoned in the state prison, including the time he had been at large on parole, for a time longer than the term prescribed by the first judgment. He was nevertheless retained in custody upon the theory that the two judgments did not run concurrently and that there was still unsatisfied by imprisonment a portion of such original judgment.

It cannot be disputed that the time during which the petitioner was at liberty on parole must be credited to him as time served on the original judgment. It may be conceded that his parole was revoked when he was arrested for the subsequent offense. But when again imprisoned in the state prison, after conviction of such subsequent offense, he was imprisoned not only under the second judgment, but also under the first judgment. In this state, there are apparently only two cases in which judgments of imprisonment in the state prison do not run concurrently. These are the cases specified in sections 669 and 105 of the Penal Code. Neither of these sections is applicable under the facts of this case. It is settled by the decisions that in all other cases, the judgments run concurrently. (*Ex parte Morton,* 132 Cal. 346, [64 Pac. 469]; *Ex parte McGuire,* 135 Cal. 339, [87 Am. St. Rep. 105, 67 Pac. 327].)

It follows that at the date of this petition, the petitioner had actually satisfied both judgments, and there was no legal ground for his retention in custody.