[Crim. No. 2618. In Bank.—November 7, 1923.]

In the Matter of the Application of FRANK MANN for a
Writ of Habeas Corpus.

[1] CRIMINAL LAW—TWO SENTENCES—DETERMINATION OF EFFECT OF
—RIGHT TO EXAMINE MINUTES OF COURT.—Where two sentences
have been imposed upon a prisoner, but neither commitment re-
fers to the other or contains a statement that the sentences run
either concurrently or consecutively, but the minutes of the court
show that the court ordered them to run concurrently, the more
orderly course would be to have the judgment and commitment
modified *nunc pro tunc* to express the sentence really imposed
by the court, but this is unnecessary, as in determining the effect
of the commitment, the warden of the penitentiary, and the court
on a *habeas corpus* proceeding, is entitled to examine the minutes
to ascertain whether the sentences run concurrently.

[2] ID.—DIFFERENT SENTENCES—RIGHT TO MAKE CONSECUTIVE.—It is
only where the convictions on two counts precede a sentence upon
either that the trial court has power or jurisdiction to make the
sentences run consecutively.

[3] ID.—EXPIRATION OF TERM OF IMPRISONMENT—HABEAS CORPUS.—
Where it appears in a *habeas corpus* proceeding that the board
of prison directors have by formal resolution granted petitioner
sufficient credits so that the term of imprisonment has expired,
the prisoner is entitled to his discharge.

APPLICATION for a Writ of Habeas Corpus to discharge
the petitioner from the state prison. Petitioner discharged.

The facts are stated in the opinion of the court.

F. F. Mann, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Dep-
uty Attorney-General, for Respondent.

THE COURT.—This is the second application of the peti-
tioner for a writ of *habeas corpus*. The first application
was refused (*In re Mann, ante,* p. 165 [219 Pac. 71]), but
he has renewed his application by showing, in addition to

2. Power of court to impose cumulative sentence, note, 7 L. R. A.
(N. S.) 124.

facts heretofore stated, that the state board of prison directors by a formal resolution have already granted him sufficient credits to require his discharge if the two sentences imposed upon him by the trial court of five years each run concurrently instead of consecutively.

Upon the previous application we held that the state board of prison directors had no power to provide that the terms should run consecutively when the judgment of the court was that they should run concurrently. In the present application, however, the petitioner presents with his application the commitment under which he is held, and it appears therefrom that although issued the same day, neither refers to the other and there is no statement in the commitment that the sentences run either concurrently or consecutively. Upon the return of the writ it is conceded that the minutes of the superior court show that the court ordered the sentences to run concurrently and also show that sentence was imposed upon one plea of guilty before the plea of guilty was entered in the other case. [1] While the more orderly course would be to have the judgment and commitment modified *nunc pro tunc* to express the sentence really imposed by the court, it is unnecessary to do this for the reason that in determining the effect of the commitment issued by the superior court, the warden of the penitentiary, and, upon this petition, this court is entitled to examine the minutes of the superior court for the purpose of ascertaining whether or not the sentences run concurrently. (*Ex parte Kirby*, 76 Cal. 514 [18 Pac. 655].) [2] From that record it appears not only that the court directed the sentences to run concurrently, but also that the court had no power to do otherwise, for it is only where the convictions on both counts precede a sentence upon either that the trial court has power or jurisdiction to make the sentences run consecutively (sec. 669, Pen. Code; *Ex parte Morton*, 132 Cal. 346 [64 Pac. 469]; *Ex parte McGuire*, 135 Cal. 339 [87 Am. St. Rep. 105, 67 Pac. 327]).

[3] In view of the fact that it now appears that the sentences imposed by the trial court run concurrently and that the board of prison directors have by formal resolution granted petitioner sufficient credits so that the term of imprisonment has expired, the prisoner is entitled to his discharge.

Petitioner discharged.