[Crim. No. 2653. In Bank.—March 13, 1924.]

## In the Matter of the Application of W. WIGNALL for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — CONSPIRACY — JUDGMENT — SUFFICIENCY OF. — A judgment pronounced by a trial court, which recited the verdict of the jury finding the defendant guilty of the offense stated in the information, to wit, a conspiracy to obtain personal property of a value of more than one hundred dollars by false pretenses, was a sufficient sentence of the defendant for the term provided by law for conspiracy to commit a felony, that is, a sentence for the maximum term of ten years, as section 182 of the Penal Code is construed.

PROCEEDING on Habeas Corpus to secure release from custody after conviction for conspiracy. Prisoner remanded.

The facts are stated in the opinion of the court.

Clarence E. Todd and C. P. Huey for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THE COURT.—At the conclusion of the oral argument the Chief Justice made the following statement:

[1] The Chief Justice: The members of the court are satisfied that the first judgment pronounced by the trial

court, which recited the verdict of the jury finding the petitioner guilty of the offense stated in the information, to wit, a conspiracy to obtain personal property to a value of more than one hundred dollars by false pretenses, was a sufficient sentence of the defendant for the term provided by law for conspiracy to commit a felony, that is, a sentence for the maximum term of ten years, as we construe section 182 of the Penal Code, and that term not having as yet expired, the prisoner should be remanded (sec. 182, Stats. 1919, p. 170; secs. 532, 669, Pen. Code; see *Ex parte Kirby*, 76 Cal. 514 [18 Pac. 655]; *In re Mann*, 192 Cal. 393 [220 Pac. 305]).

Mr. Todd: Do your honors rule as to when the first term begins?

The Chief Justice: From the date of the first sentence. Prisoner remanded.