MARCELINO RUIZ, Petitioner, *v.* SIXTO M. SALDAÑA, WARDEN OF THE INSULAR PENITENTIARY, Respondent.

No. 143. Argued May 7, 1941.—Decided May 20, 1941.

*A. D. Marchand Paz,* for petitioner; *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for The People.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Two different informations were filed in the District Court of Humacao against Marcelino Ruiz, alias ''Cabilla'', the petitioner herein, for violation of Section 59 of the Penal Code (Habitual Criminality). By the first, entered under number 7115, he was charged with burglary in the first degree, committed in Maunabo on September 19, 1926, in the house of José Figueroa; and by the second, No. 7116, he was accused of the same offense, in the same town and on the same day, in the house of Eleuterio Rodríguez.

The petitioner alleges that on November 2, 1926, *in the morning,* when arraigned in case No. 7115, he pleaded guilty, waived the term for rendering judgment, and was immediately sentenced to fifteen years in the penitentiary; that on the same day, *in the afternoon,* he was arraigned in the

other case, No. 7116, and having pleaded guilty was sentenced to fifteen years in prison; that the petitioner entered the Insular Penitentiary to serve the sentence imposed in case No. 7115, which was extinguished on December 23, 1936; and finally, that the Warden of the Insular Penitentiary, the respondent, is illegally depriving the petitioner of his liberty, keeping him in custody by virtue of the judgment rendered in case No. 7116.

The petition of habeas corpus is based on the contention that the aforesaid judgments should, according to the law and the decisions, be served *concurrently* and not *consecutively*. The Prosecuting Attorney of this Court has submitted to our consideration a brief with citations which uphold the petitioner's contention and has expressed his acceptance to the release of this prisoner.

 Our Penal Code contains only two provisions which specifically authorize the imposition of sentences which are to be served consecutively. They are the following:

"Section 31.—When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

"Section 152.—Every person who shall escape from prison while serving his sentence shall be punishable by summary order of the competent court, by imprisonment for an *additional* term of not less than one-twentieth or more than one-fifth of the term of the original sentence." (Italics ours.)

It is convenient to state that when the petitioner was convicted and sentenced in case No. 7116, by virtue of which he is kept in prison, he had already been convicted and sentenced in No. 7115; and that in the second sentence nothing was said as to whether it should be served concurrently with the first or after it had been served.

The Penal Code of California, from which ours takes origin, contained provisions identical to those above stated. In the commentary to Sections 669 and 105 of said Code, which are equivalent, respectively, to Sections 31 and 152, *supra,* it is stated in California Jurisprudence, vol. 8, page 657, paragraph 624:

"The fact that the legislature has conferred a special power to impose cumulative sentences in two cases implies the absence of such power in other cases. In all other cases, then, judgments of imprisonment run concurrently. Section 669 of the Penal Code is limited to cases where a person is convicted of two or more crimes 'before sentence has been pronounced upon him for either.' In any other case than that described, any direction in the judgment making one sentence cumulative upon another is invalid."

In *Ex parte Morton,* 132 Cal. 346, the petitioner was convicted of assault to commit murder and sentenced to ten years in prison on July 19, 1890. Later, on August 7 of the same year, he was convicted of burglary and sentenced to five years in prison "to commence at the expiration of the term of imprisonment defendant is now serving in the State Prison at Folsom for assault to commit murder." On decreeing the release of the prisoner, the court stated as follows:

"Whether our courts have the power to impose cumulative sentences is a question which must be answer by the statutes. A term of imprisonment commences to run when the defendant is actually delivered at the place of imprisonment. (Pen. Code, sec. 670.) This is the rule, but it has some exceptions. 1. 'When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.' (Pen. Code, sec. 669.)

"This section prescribes one exception to the rule, but it does not cover the present case, because the prisoner was not convicted of the second offense until after sentence on the first conviction. There would seem to be no rational ground for a distinction between

this case and the case provided for, but the distinction is clearly drawn in the statute, and we cannot hold that the provision quoted warrants the sentence under which alone the prisoner can now be held.

"The only other statutory provision for cumulative sentences called to our attention is contained in section 105 of the Penal Code, which applies exclusively to escape from the state prison.

"These exceptions seem to prove and establish the rule that in all other cases the term of imprisonment commences to run from the delivery of the convict at the prison. It must therefore be held that the direction in the second sentence of the prisoner, making it cumulative upon the first, was invalid, and that the lawful term of his imprisonment has expired."

After the decision of *Ex parte Morton, supra,* the California Legislature amended the aforesaid Section 669 of the Penal Code of said state, to read as follows:

"When any person is convicted of two or more crimes the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be; *Provided,* that in exceptional cases the judgment, in the discretion of the court, may direct that such terms of imprisonment, or any of them, shall run concurrently."

(Laws of California, 1927, p. 1056.)

And later, in 1931, Section 669 was again amended in the manner in which it is now in force:

"When any person is convicted of two or more crimes, the judgment *shall direct* whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be." (Laws of California, 1931, p. 1052.) (Italics ours.)

By virtue of the last amendment, the California Legislature has conferred on the state courts the necessary

discretionary power to determine whether the sentences imposed on one person for the commission of various offenses shall be served concurrently or consecutively, but imposing on them the duty of exercising that discretion, stating their decision in the judgment.

The present state of our legislation is identical to that which existed in California before the amendments made to Section 669 of the Penal Code in 1927 and 1931. The decisions construing said Section in its original form are therefore applicable. See: *Ex parte Kirby,* 76 Cal. 514; *Ex parte Green,* 86 Cal. 427; *People* v. *Ferlin,* 203 Cal. 587; *United States* v. *Daugherty,* 269 U.S. 360, 70 L. Ed. 309, and *Ex parte McGuire,* 135 Cal. 339, where it was held, following the rule of *Ex parte Morton, supra,* that the faculty of the Superior Court to impose consecutive sentences exists only in the two cases defined by Sections 105 and 669 of the Penal Code, and it was stated:

"The fact that the legislature has conferred a special power to impose cumulative sentences in two cases implies the absence of such power in other cases. And if the court itself in this case could not have made its sentence cumulative, certainly its officer cannot give it that effect."

See also: 15 Am. Jur. pp. 121 et seq.; Baldwin's Consolidated (N.Y.) Laws, Annotated (1938), p. 169, "Penal Law," note; 70 A.L.R. 1511–1529; *Ex parte Casey,* 160 Cal. 357; *In re Cohen,* 198 Cal. 221; *In re Mann,* 192 Cal. 393.

According to our Penal Code in force, the court which in the exercise of its discretion deems it its duty to impose consecutive sentences on a person accused of two or more crimes, must postpone the sentence for the first conviction until the second conviction has been obtained, and render the sentences in both cases at the same time. The sentences so delivered shall be served consecutively, without need of it being so ordered by the Court.

The second sentence having been issued after the petitioner had been convicted and sentenced for the first case,

we must decide that the sentence of 15 years in prison imposed on Marcelino Ruiz in the afternoon of November 2, 1926, in criminal case No. 7116, of the District Court of Humacao, was extinguished on December 23, 1936, on which same date the one imposed in the morning of November 2, 1926, in criminal case No. 7115 of the same court, was also extinguished; and, therefore, that the imprisonment of the petitioner from the stated date is illegal.

For the above stated reasons the petition must be granted and the release of the petitioner ordered.