MARCELINO RUIZ, peticionario, *v.* SIXTO M. SALDAÑA, JEFE DEL PRESIDIO INSULAR, demandado.

Núm. 143.—*Sometido:* Mayo 7, 1941. *Resuelto:* Mayo 20, 1941.

*A. D. Marchand Paz*, abogado del peticionario; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo, y Luis Negrón Fernández, Fiscal Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Contra el peticionario, Marcelino Ruiz, alias "Cabilla," se radicaron ante la Corte de Distrito de Humacao dos acusaciones distintas por infracción del artículo 59 del Código Penal (Delincuencia Habitual). En la primera, que fué registrada bajo el número 7115, se le imputaba un delito de escalamiento en primer grado, cometido en Maunabo el 19 de septiembre de 1926, en la casa de José Figueroa; y en la segunda, número 7116, se le acusó de igual delito, en el mismo pueblo y en la misma fecha, en casa de Eleuterio Rodríguez.

Alega el peticionario que el día 2 de noviembre de 1926, *por la mañana*, al serle leída la acusación en el caso número

7115, él·hizo alegación de culpable, renunció el término legal para dictar sentencia, y fué condenado inmediatamente a la pena de 15 años de presidio; que el mismo día, *por la tarde,* le fué leída la acusación en el otro caso, número 7116, y habiéndose declarado culpable fué sentenciado a la pena de quince años de presidio; que el peticionario ingresó en la Penitenciaría Insular a cumplir la sentencia ·que le fué impuesta en el caso ·núm. 7115, la cual quedó cumplida el 23 de diciembre de 1936; y, por último, que el Jefe del Presidio Insular, el demandado, está privando ilegalmente al peticionario de su libertad, al retenerlo bajo su custodia por virtud de la sentencia dictada en el caso número 7116.

La petición de hábeas corpus se ·basa en la contención de que las dos mencionadas sentencias debían, de acuerdo con la ley y la jurisprudencia, ser cumplidas *concurrentemente* y no *consecutivamente*. El fiscal de este tribunal ha sometido a nuestra consideración un memorándum de autoridades que sostienen la contención del peticionario y ha expresado su conformidad con que se decrete la libertad de este confinado.

■■■■ Nuestro Código Penal contiene solamente dos disposiciones autorizando específicamente la imposición de sentencias que habrán de ser cumplidas consecutivamente. Son las siguientes:

"Artículo 31.—Cuando un reo fuere convicto de dos o más delitos antes de pronunciarse sentencia por cualquiera de dichos delitos, la prisión a que se le hubiere condenado en la segunda u otra convicción subsiguiente, empezará a cumplirse al expirar el primer término de prisión a que hubiere sido condenado, o al expirar el segundo u otro término subsiguiente, según fuere el caso.

"Artículo 152.—Toda persona que se fugase de una prisión mientras estuviere cumpliendo condena será castigada por orden sumaria del tribunal competente, con prisión por un término *adicional* mínimo de una vigésima parte o máxima de una quinta parte de la primitiva sentencia." (Itálicas nuestras.)

Conviene hacer constar que cuando el peticionario fué convicto y sentenciado en el caso núm. 7116, por virtud del cual

se le retiene en prisión, ya había sido convicto y sentenciado en el número 7115; y que en la segunda sentencia nada se dijo en cuanto a si debía ser cumplida concurrentemente con la primera o después de haber sido ésta cumplida.

El Código Penal de California, de donde procede el nuestro, contenía idénticas disposiciones a las arriba transcritas. En los comentarios sobre las secciones 669 y 105 de dicho código, que son, respectivamente, las equivalentes de los artículos 31 y 152, supra, se dice en California Jurisprudence, volumen 8, página 657, epígrafe 624, lo siguiente:

"El hecho de que la Asamblea Legislativa haya conferido facultad especial para imponer sentencias consecutivas en dos casos implica la ausencia de tal facultad en otros casos. En todos los demás casos, por lo tanto, las sentencias de prisión son concurrentes. El artículo 669 del Código Penal se limita a aquellos casos en que un reo es convicto de dos o más delitos 'antes de dictársele sentencia por cualquiera de dichos delitos.' En cualquier otro caso que no sea el descrito, cualquier disposición que haga una sentencia consecutiva con respecto a otra, es nula."

En *Ex parte Morton,* 132 Cal. 346, el peticionario fué convicto de atentado a la vida y sentenciado a diez años de presidio el 19 de julio de 1890. Posteriormente, el 7 de agosto del mismo año, fué convicto de escalamiento y sentenciado a cinco años de reclusión, "que comenzarán al expirar el término de prisión que el acusado está ahora cumpliendo en la Penitenciaría en Folsom por atentado a la vida." Al decretar la excarcelación del confinado, la corte se expresó así:

"Si nuestras cortes están facultadas para imponer sentencias consecutivas es una cuestión que debe ser contestada por los estatutos. Un término de prisión empieza a cumplirse cuando el reo ingresa actualmente en el sitio donde ha de ser recluído. (Código Penal, sec. 670.) Ésta es la regla, pero tiene algunas excepciones. 1. 'Cuando un reo fuere convicto de dos o más delitos antes de pronunciarse sentencia por cualquiera de dichos delitos, la prisión a que se le hubiere condenado en la segunda u otra convicción subsiguiente, empezará a cumplirse al expirar el primer término de

prisión a·que hubiere sido condenado, o al expirar el segundo u otro término subsiguiente, según fuere el caso.' (Código Penal, sec. 669.)

"Esta sección establece una excepción a la regla, pero no cubre el presente caso, porque el confinado no fué convicto del segundo delito sino después de haber sido sentenciado por la primera convicción. Tal parece que no existe un fundamento racional para establecer una distinción entre el caso de autos y el caso previsto, pero la distinción está claramente establecida en el estatuto, y nosotros no podemos sostener que la disposición citada justifica la sentencia por la cual solamente pueda retenerse al peticionario en la prisión.

"La única otra disposición estatutaria sobre sentencias consecutivas hacia la cual se ha llamado nuestra atención está contenida en la sección 105 del Código Penal, la cual se refiere exclusivamente a fugas de la penitenciaría.

"Estas excepciones parecen probar y establecer la regla de que en todos los demás casos el término de prisión empieza a correr desde el momento en que el convicto ingresa en el penal. Debe por tanto resolverse que la disposición en la segunda sentencia del peticionario, haciéndola consecutiva a la primera, era inválida, y que el término legal de su reclusión ha expirado."

Con posterioridad a la decisión en *Ex parte Morton,* supra, la Asamblea Legislativa de California enmendó la citada sección 669 del Código Penal de dicho estado, para que leyera así:

"Cuando un reo fuere convicto de dos o más delitos, la prisión a que se le hubiere condenado en la segunda u otra convicción subsiguiente, empezará a cumplirse al expirar el primer término de prisión a que hubiere sido condenado, o al expirar el segundo u otro término subsiguiente, según fuere el caso; *disponiéndose,* que en casos extraordinarios las sentencias, a discreción del tribunal, podrán ordenar que dichos términos de prisión o cualquiera de ellos correrán concurrentemente." (Leyes de California, 1927, página 1056.)

Y más tarde, en 1931, la sección 669 fué nuevamente enmendada en la forma en que rige actualmente:

"Cuando un reo fuere convicto de dos o más delitos, la sentencia *deberá disponer* si los términos de prisión o cualquiera de ellos a que fuere sentenciado correrán concurrentemente o si la prisión a que fuere o haya sido sentenciado en la segunda u otra convicción

subsiguiente empezará a correr al expirar el primer término de prisión a que haya sido sentenciado, o al expirar el segundo o subsiguiente término de prisión, a que haya sido sentenciado, según fuere el caso." (Leyes de California, 1931, página 1052.) (Itálicas nuestras.)

Por virtud de la última enmienda' apuntada, la Asamblea Legislativa de California ha conferido a los tribunales del estado la facultad discrecional necesaria para determinar si las sentencias impuestas a una misma persona por la comisión de varios delitos deberán ser cumplidas concurrentemente o consecutivamente, pero imponiéndoles el deber de ejercitar esa discreción, haciendo constar su resolución en la sentencia.

El estado actual de nuestra legislación es idéntico al que existía en California antes de las enmiendas hechas a la sección 669 del Código Penal en 1927 y 1931. La jurisprudencia interpretativa de dicha sección en su forma original es por tanto de aplicación al presente caso. Véanse: *Ex parte Kirby*, 76 Cal. 514; *Ex parte Green*, 86 Cal. 427; *People* v. *Ferlin*, 203 Cal. 587; *United States* v. *Daugherty*, 269 U.S. 360, 70 L. Ed. 309, y *Ex parte McGuire*, 135 Cal. 339, en el que se resolvió, siguiendo la decisión en *Ex parte Morton*, supra, que la facultad de la Corte Superior para imponer sentencias consecutivas existe solamente en los dos casos definidos en las secciones 105 y 669 del Código Penal, y se dijo:

"El hecho de que la Asamblea Legislativa haya conferido una facultad especial para imponer sentencias acumulativas en dos casos implica la ausencia de tal facultad en otros casos. Y si la corte misma no podía en este caso hacer que su sentencia fuese consecutiva, seguramente su funcionario no puede darle ese efecto."

Véase además: 15 Am. Jur., pág. 121 *et seq.;* Baldwin's *Consolidated (N.Y.) Laws, Annotated* (1938), pág. 169, "Penal Law," note; 70 A.L.R. 1511–1529; *Ex parte Casey*, 160 Cal. 357; *In re Cohen*, 198 Cal. 221; *In re Mann*, 192 Cal. 393.

De acuerdo con nuestro Código Penal vigente, el tribunal que en uso de su discreción crea que es su deber imponer sentencias consecutivas a la persona que fuere acusada de dos o más delitos, debe posponer la sentencia sobre la pri-. mera convicción hasta que se haya obtenido la segunda, y dictar las sentencias en ambos casos, al mismo tiempo. Las sentencias así dictadas deberán ser cumplidas consecutivamente, sin necesidad de que la corte así lo decrete.

Habiendo sido dictada la segunda sentencia después de haber sido el peticionario convicto y sentenciado por la primera causa, debemos resolver que la sentencia de quince años de presidio impuesta a Marcelino Ruiz en la tarde del 2 de noviembre de 1926, en el caso criminal núm. 7116 de la Corte de Distrito de Humacao, quedó extinguida el 23 de diciembre de 1936, fecha en que también quedó cumplida la que le fué impuesta en la mañana del 2 de noviembre de 1926, en el caso criminal núm. 7115 de la misma corte; y, por lo tanto, que la detención del peticionario desde la indicada fecha es ilegal.

*Por las razones expuestas debe declararse con lugar el recurso y decretarse la libertad del peticionario.*