EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO ACEVEDO HERNÁNDEZ, acusado y apelante.

Núm. 9111.—*Sometido:* Marzo 6, 1942. *Resuelto:* Marzo 9, 1942.

H. *Rodríguez Quiñones,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El hecho delictivo imputado al acusado en este caso es el de tener, allá por el cuatro de febrero de 1939, en Aguadilla, en su establecimiento comercial, voluntaria e ilegalmente y con la intención de defraudar al erario público "dos envases de cristal conteniendo uno ¾ pinta y el otro ½ pinta de

espíritu destilado (ron clandestino) sin que llevaran dichos envases adherida una estampilla cada uno, significando que los impuestos de rentas internas habían sido pagados al Tesoro Insular.''

Condenado el acusado en la corte municipal, apeló a la del distrito y celebrado en ésta el juicio de nuevo que ordena la ley, fué declarado culpable de infringir el artículo 77 de la Ley de Espíritus y Bebidas Alcohólicas núm. 6 de 1936, Sesión Especial, págs. 45 y 95, y castigado a sufrir un mes de cárcel con costas.

La sentencia contiene además el siguiente pronunciamiento:

''Y se ordena que el sentenciado Francisco Acevedo Hernández sea llevado de la Sala de esta corte a la cárcel del distrito donde quedará confinado bajo la custodia del alcaide de la misma por el indicado término de treinta días de cárcel, abonándosele la prisión preventiva que hubiere sufrido por esta causa desde el momento que se le redujera a prisión y hasta el pronunciamiento de esta sentencia, que deberá cumplir el acusado luego de haber extinguido la sentencia de treinta días de cárcel que le fuera impuesta a dicho acusado en el día de hoy en la causa criminal número 7301 seguida por El Pueblo de Puerto Rico contra Francisco Acevedo Hernández por una infracción a los artículos 4 y 77 de la Ley de Espíritus y Bebidas Alcohólicas.''

Y es ese pronunciamiento el único impugnado en la apelación establecida contra la sentencia para ante este tribunal.

Sostiene el acusado apelante que la sentencia no debe cumplirse una vez extinguida la pronunciada en su contra el mismo día en la otra causa que se le siguiera también por infracción a la Ley de Espíritus y Bebidas Alcohólicas, sino concurrentemente con ella, citando en apoyo de su contención lo resuelto por esta propia corte en *Ruiz* v. *Saldaña*, 58 D.P.R. 634, 639 a saber:

''De acuerdo con nuestro Código Penal vigente, el tribunal que en uso de su discreción crea que es su deber imponer sentencias consecutivas a la persona que fuere acusada de dos o más delitos, debe posponer la sentencia sobre la primera convicción hasta que se haya

obtenido la segunda, y dictar las sentencias en ambos casos, al mismo tiempo. Las sentencias así dictadas deberán ser cumplidas consecutivamente, sin necesidad de que la corte así lo decrete.

"Habiendo sido dictada la segunda sentencia después de haber sido el peticionario convicto y sentenciado por la primera causa, debemos resolver que la sentencia de quince años de presidio impuesta a Marcelino Ruiz en la tarde del 2 de noviembre de 1926, en el caso criminal núm. 7116 de la Corte de Distrito de Humacao, quedó extinguida el 23 de diciembre de 1936, fecha en que también quedó cumplida la que le fué impuesta en la mañana del 2 de noviembre de 1926, en el caso criminal núm. 7115, de la misma corte; y, por lo tanto, que la detención del peticionario desde la indicada fecha es ilegal."

En su alegato el fiscal admite que no obstante lo dicho por el juez, dado lo dispuesto en la ley y lo resuelto por esta Corte Suprema, las sentencias son concurrentes, pero sostiene que ello no sólo no es motivo de revocación si que no puede considerarse en el recurso. A su juicio la cuestión que se suscita es una para ser determinada administrativamente por el jefe del penal cuando llegue el momento oportuno, y en el caso de que lo fuere en contra del acusado, el recurso de hábeas corpus sería el procedente.

Quizá tenga razón el fiscal totalmente, pero como no puede negarse que la sentencia apelada contiene el pronunciamiento erróneo que se impugna y que ese pronunciamiento puede dar lugar a interpretación contraria a la ley y a la jurisprudencia ya sentada por esta corte, *procede no la revocación pero sí la modificación de la sentencia recurrida eliminando de ella el repetido pronunciamiento en la parte que ha sido impugnada, esto es, a partir de las palabras "que deberá cumplir el acusado." Y así se ordena.*