[Crim. No. 1835.   Third Dist.   Oct. 27, 1943.]

In re NICK RADOVICH on Habeas Corpus.

Nick Radovich in pro. per., and Nathan C. Coghlan for Petitioner.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Petitioner, who is imprisoned in the State Prison at Folsom, alleges in his petition for a writ of habeas corpus that his imprisonment is unlawful in that his lawful term of fifteen years, "with benefit of credits earned and granted by formal resolution of the Board and not forfeited," has expired. The allegations of the petition further show the following:

On September 14, 1931, defendant, after having been found guilty of the crime of robbery, was sentenced by the Superior Court of Los Angeles County to be imprisoned in the State Prison at Folsom for the term prescribed by law. On February 9, 1932, after having been found guilty of another robbery, he was again sentenced by the superior court of said county (but by a different judge) to be imprisoned in the State Prison at Folsom, for the term prescribed by law. In imposing the latter sentence the court made no reference to the prior judgment nor did it indicate how it was to run in relation to the former judgment. On May 20, 1932, petitioner was received at the prison and on May 21, 1940, the Board of Prison Terms and Paroles fixed his terms of confinement at ten and fifteen years, respectively.

It is contended by petitioner that in this state of the case the two judgments run *concurrently*, and that as he has served fifteen years less credits earned and granted and not forfeited he became entitled to his release on October 20, 1941. But he alleges that the *warden* of the prison has erroneously interpreted petitioner's terms of confinement to be consecutive instead of concurrent and has refused and does refuse his release.

In his return and answer to the foregoing petition, respondent, the warden of the State Prison, admits the allegations of the petition as to the dates of petitioner's sentences and his delivery at the prison, attaches to his return copies of the judgments, and avers that the petition does not state facts sufficient to justify the relief prayed. It is not denied therein that petitioner has earned and been granted credits which have not been forfeited, sufficient to justify his release if his sentences run concurrently; and by reason of respon-

dent's demurrer this fact is admitted. Respondent does not allege, either, that when the board fixed petitioner's terms it provided that they should run consecutively.

It is conceded in respondent's brief that if petitioner's terms run concurrently he could apply for his release after having served nine years and five months. (Pen. Code, sec. 2920.) It is also conceded that the board is without authority, on its own initiative, to provide that petitioner's terms shall run consecutively, and that any attempt on its part to order them to run consecutively would be void, since this involves a matter of *judicial* discretion solely within the province of the courts (citing *People* v. *Sama,* 189 Cal. 153, 156 [207 P. 893]; *In re Lee,* 177 Cal. 690 [171 P. 958]). Respondent also concedes that at common law the court had discretion to impose either cumulative or concurrent sentences, and that where it failed to exercise such discretion the sentences ran concurrently. (24 C.J.S., sec. 1996, p. 1235; 15 Am.Jur., sec. 464, p. 121.)

Section 669 of the Penal Code as originally enacted in 1872 provided that ''When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.'' This statute limited the power of the court to impose cumulative sentences to cases where there were two or more convictions before sentence; and the limitation has been construed to imply that in all other cases the sentences were to run concurrently. (*In re Mann,* 192 Cal. 393, 394 [220 P. 305]; *Ex parte Casey,* 160 Cal. 357 [116 P. 1104]; *Ex parte McGuire,* 135 Cal. 339 [67 P. 327, 87 Am.St.Rep. 105]; *Ex parte Morton,* 132 Cal. 346 [64 P. 469].)

Section 669 was amended in 1927 (Stats. 1927, p. 1056) to provide that ''When any person is convicted of two or more crimes the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be; *provided,* that in exceptional cases the judgment, in the discretion of the court, may direct that such terms of imprison-

ment, or any of them, shall run concurrently.'' During the effective operation of the statute as thus amended, sentences ran consecutively unless the court ordered that they run concurrently. (*People* v. *Cowen*, 20 Cal.App.2d 674, 676-677 [67 P.2d 737]; *People* v. *Hayes*, 9 Cal.App.2d 157 [49 P.2d 288]; *In re Crawford*, 109 Cal.App. 33 [292 P. 520].)

But section 669 was amended again in 1931 (Stats. 1931, p. 1052), and, as it stood when petitioner was sentenced, provided that ''When any person is convicted of two or more crimes, the judgment shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be.''

Respondent contends that since the trial court failed in this case to indicate how the second judgment should run in relation to the prior one, this court should return petitioner to the trial court for rendition of a proper judgment. Petitioner denies the validity of such a course, urging that under the authority of *People* v. *Cowan*, 38 Cal.App.2d 231 [101 P.2d 125, 135], and 44 Cal.App.2d 155 [112 P.2d 62], the trial court has lost jurisdiction of the cause, and is powerless to amend or modify its former judgment.

Not only the Cowan case but also *People* v. *Jones*, 6 Cal.2d 554 [59 P.2d 89], supports petitioner's contention. In the latter case defendant, in 1933, pleaded guilty to a charge of forgery, admitted three prior felony convictions, was adjudged an habitual criminal and was sentenced to state prison. On December 3, 1935, upon motion of defendant, the trial court made an order modifying the judgment by deleting therefrom all reference to defendant as an habitual criminal. At that time section 644 of the Penal Code provided for the adjudication as habitual criminals of persons convicted of felonies who had been previously convicted and served terms for prior felonies; and, as amended in 1935, it further provided that in exceptional cases, at any time not later than sixty days after the actual commencement of imprisonment, the court might, in its discretion, provide that the defendant was not an habitual criminal and therefore not subject to the provisions of that section. The court held that as more

than sixty days had elapsed since the commencement of defendant's sentence, the trial court was without jurisdiction to amend the judgment.

Section 669 of the Penal Code, which provides that where a person is convicted of two or more crimes the judgment shall direct whether the terms of imprisonment shall run concurrently or consecutively, also provides that in the event that the court at the time of pronouncing the second judgment had no knowledge of a prior existing judgment, then, upon such prior judgment being brought to its attention "at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the said second or other subsequent judgment, the court shall determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment." The similarity of this sixty-day limitation to that of section 644, *supra*, compels the conclusion that the trial court in the instant case has lost jurisdiction and that it cannot, at this late date, amend its judgment to provide how petitioner's sentences shall run.

██    This brings us to the second question, to wit, how do petitioner's sentences run in the absence of a pronouncement in the judgment?

As previously stated herein, section 669 as amended in 1931, and as it stood when petitioner's sentences were pronounced, required the trial judge to direct whether the terms should run concurrently or consecutively. However, it is obvious that the foregoing provision assumes that the court pronouncing the subsequent judgment has knowledge of the prior one. The Legislature, apparently taking cognizance of the fact that said section did not apply when the court had no such knowledge, amended it in 1935 (Stats. 1935, p. 1670) to provide that "In the event that the court at the time of pronouncing the second or other judgment upon such person had no knowledge of a prior existing judgment or judgments, then, upon such prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of sixty days from and after the actual commencement of imprisonment upon the said second or other subsequent judgment, the court shall determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment." It also provided that the State

Board of Prison Directors shall advise the court pronouncing the second or other subsequent judgment of the existence of all prior judgments against the defendant, the terms of imprisonment upon which have not been completely served.

In 1941 the section was again amended to provide: ''In the event that the court at the time of pronouncing the second or other judgment . . . had no knowledge of a prior existing judgment or judgments, or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon such failure so to determine, or upon such prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment,'' etc., said court shall determine how the terms shall run; and that ''Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently.'' These enactments are, we think, a legislative recognition that the said section as it stood in 1932, at the time of defendant's second sentence, had no application to a case where the court pronouncing a second or other sentence had no knowledge of a prior sentence; and that, in the latter case, since there could be no pronouncement of how the second sentence should run in relation to an unknown prior sentence, the two sentences would run concurrently.

It is not contended here that the trial court, at the time the second sentence was pronounced, had any knowledge of the previous one; and we must assume that had it been so informed it would have conformed to the requirements of section 669 and provided how the second sentence should run in relation to the first. But since it did not so provide, the presumption is that it had no knowledge of the prior sentence, or that, having knowledge, it intended the sentences to run concurrently. It is said in 15 Am.Jur., section 465, page 123: ''In those states where cumulative sentences are permissible and the subject is not controlled by statute, if the accused is convicted of more than one offense or under more than one count, sentences of imprisonment imposed under the different counts or for different offenses, if by the same court, will be construed as running concurrently, and the accused will be discharged at the expiration of the

longest term, unless the sentences expressly state otherwise or unless for other reasons (as that the imprisonment is in different places) it clearly appears that the court intended that the sentences should run consecutively and not concurrently. If the court inadvertently fails to have the sentence recorded in such form as to show the imposition of a cumulative sentence or from leniency intentionally omits to add such a provision, and the defendant is committed in pursuance of such sentence and another or other sentences, he is either voluntarily released by the jailer or discharged on habeas corpus at the expiration of the longest term named in any one of the sentences. No presumption will be indulged in favor of sustaining a sentence as cumulative.''

We therefore conclude that since petitioner has now served fifteen years, less credits earned and granted and not forfeited, he is entitled to his discharge; and it is so ordered.

Peek, J., and Thompson, J., concurred.